E. M. HOLT *v.* GEORGE F. BASON, Adm'r., and others.

Where a plaintiff alleges that he was induced to purchase a tract of land sold by a sheriff, by the conduct of one who had a prior judgment lien on said land, and who was present and also bid at the sheriff's sale, *it is error* in the Court below to treat an issue involving the fact as to whether the plaintiff was so induced as alleged, as a question of law, and refuse to submit the same to the jury, and to reject the evidence offered to disprove it.

(*Scott* v. *Dunn*, 1 Dev. & Bat. Eq. 425; *Sanderson* v. *Balance*, 2 Jones Eq. 322; *Laws* v. *Thompson*, 4 Jones 104, cited and distinguished from this.)

CIVIL ACTION, tried before *Kerr, J.,* at Fall Term, 1874, ALAMANCE Superior Court.

The facts in the case, as disclosed by the record, are fully stated in the opinion of the Court.

*Scott* and *Boyd,* for appellant.

*W. A. Graham* and *Graham & Graham,* contra.

BYNUM, J. In 1862 R. Y. McAden obtained a judgment in Caswell county, for a large sum, against William Kirk-patrick, who died in Alamance county in 1865, leaving a last will, and Henry Deshough as his executor. In 1867, G. W. Swepson obtained a judgment in Alamance county against Deshough, as executor of Kirkpatrick. The executor had administered a part and wasted the residue of the personal assets and had become insolvent. Through some inadvertence or mistake not explained, an execution was issued upon the Swepson judgment and levied upon the land of the testator, which was exposed to sale by the sheriff in 1869. At the sale, McAden, as the attorney of Swepson, was present and bid for the land against the plaintiff, who became the purchaser at the sum of $675. Deshough was afterwards removed from the executorship, and the defendant, Bason, was appointed in his

place administrator *de bonis non* with the will annexed, who treating the sale as void, instituted proceedings to sell the land for assets, and by the judgment of the Court did sell the same for $925, which sum he now holds, and which is all the estate of the testator now remaining, and is insufficient to discharge the McAden judgment, which has the priority. The plaintiff has brought this action for the purpose of being substituted as a judgment creditor in the place of McAden, to the extent of the sum he paid upon the Swepson execution at the void sale. He bases his whole equity to this relief against McAden upon the allegation that he, McAden, attended the sale made by the sheriff, and then, by bidding for the land, induced the plaintiff to bid and to become the purchaser and pay the said sum of $675 upon the execution of Swepson. McAden, in his answer, admits his presence at the sale, and that as the attorney of Swepson and for his benefit, he did bid on the land, but he positively denies that his conduct there was calculated to induce, or did in fact induce the plaintiff to purchase. An issue of fact was thus raised by the pleadings, which went to the whole merits of the plaintiff's claim to relief. His Honor, however, refused the application of the defendant McAden to submit this issue to the jury, and refused to admit the testimony which he offered on the trial to show that Holt was not induced to bid by him, and that he had admitted that he was not thus induced.

His Honor did submit to the jury the following three issues, to-wit:

1st. Did the plaintiff, supposing that he was the purchaser at the said execution sale, pay $675 in satisfaction of the Swepson judgment?

2d. Was McAden the attorney for Swepson, and did he attend the sale and bid for the land, and did he receive the money and apply it to the execution?

3d. Was there such a judgment as that alleged by McAden in his answer in his favor in the Superior Court of Caswell? It is remarkable that the answer explicitly admits all that is

contained in the two first issues, and therefore it was supereroga-
tory to submit them to the jury. It is more remarkable that
the third issue submitted to the jury was a dry issue of *law*,
most remarkable of all, this issue of law was the only one of
the three which they responded to by their verdict, the only
verdict returned by the jury being in these words : " That
the judgment of R. Y. McAden, in the Superior Court of
Caswell, against William Kirkpatrick and H. J. Deshough,
for the sum of $1833.34, whereof the principle sum is
$1432.50, was obtained in good faith, at Fall Term, 1862, of
Caswell Superior Court."

After refusing to submit to the jury the issue before in-
dicated as the material one, his Honor proceeded himself to
find " that the conduct of R. Y. McAden was such as to mis-
lead the plaintiff and induce him to believe that the sale was
under a valid execution," and then, as a conclusion of law,
adjudges that the administrator shall pay over to the plaintiff
out of the fund in his hands, which McAden claimed as ap-
plicable to his judgment, so much as the plaintiff had paid on
the Swepson execution. If the jury on a proper issue sub-
mitted, had found the facts to be as his Honor found them,
the question which all the parties intended to raise would have
been fairly before the Court. But whether, even then, there
is any principle of law or equity which would entitle the plain-
tiff to the relief he seeks in this action, is a question not nec-
essary to be decided now, as the defendants are entitled to a
*venire de novo* for the error in not submitting the issues of
fact to the jury. It may be remarked for the reflection of the
plaintiff, in the further prosecution of this action, that the de-
cisions in our State draw a well defined distinction between
the rights and duties of purchasers at execution sales and sales
made by executors, trustees and other vendors. The plaintiff
does not ask to be subrogated to the rights of Swepson, who
has his money and is the only party benefitted, for the obvious
reason that prior judgments will exhaust the fund before the
Swepson judgment is reached. *Scott* v. *Dunn*, 1 Dev. & Bat,

Eq., 425. Nor does he bring his action under Rev. Code, chap. 45, sec. 27, against the defendant in the execution, because the estate is insolvent and can afford him no relief. *Laws* v. *Thompson*, 4 Jones, 104. Nor yet can he bring his case within. *Saunderson* v. *Balance*, 2 Jones' Eq., 322, where the part owner of land stands by and sees it sold by a trustee as the land of another, and permits the purchaser to pay for it and take a deed, under the belief that he was getting a good title. But Holt is a purchaser at execution sale. The rule there is that the sheriff sells only the interest of the defendant in the execution. If the defendant has an interest, well and good ; if he has none, it is the purchaser's own look out, for he buys at his peril, and as a general rule, he is entitled to no relief as against creditors. In this case it would seem that the plaintiff, by his own showing, was guilty of gross neglect of a plain duty. Had he even looked at the execution, he would have seen that the sheriff had no right to sell and could make no title. He acquired nothing by his purchase, not because, McAden had the title, for he had no title, and his judgment was not so much as a lien upon the land, but because the sheriff had no authority to sell, and that fact the plaintiff was as much obliged to know as McAden was. Both were shooting wild and it so happened that McAden's ammunition gave out first.

As, however, the record and statement of the case sent up are loose and defective, and another trial may present additional acts, and, it is hoped, more precisely and consistently stated, we leave the case with the foregoing suggestions, deciding only that the defendants are entitled to a new trial for the error in regard to the issues.

Per Curiam.                    *Venire de novo.*