# William Brewer

## v.

## William V. Christian et al.

1. Practice where part of declaration remains unanswered.—In cases where a part of the declaration remains unanswered by plea, the practice is for the plaintiff to have an interlocutory judgment entered for the part unanswered, but no final judgment should be entered until the trial of the issues, when the whole amount of the recovery can be included in one verdict, and one judgment rendered for the whole.

2. Two final judgments not allowed in same case.—A plaintiff cannot be allowed to sever his action, either as to persons or amount, and have several judgments for several sums at different stages of the proceedings.

Semble.—That where a plaintiff had taken final judgment for one sum in the progress of the case, if he should obtain a verdict in his favor for the remainder, it would be error for the court to render a second judgment in the same case.

3. Failure of consideration.—Where the defective quality of the thing sold is relied upon as a failure of consideration, there must have been either a warranty of or a fraudulent representation as to its quality, or there can be no failure of consideration.

4. Purchase at trustee's sale.—As between a purchaser and a trustee at a trustee's sale, the rule of *caveat emptor* applies. A purchaser at such sale gets only such title as the trustee has to convey.

Appeal from the Circuit Court of Montgomery county; the Hon. W. R. Welch, Judge, presiding. Opinion filed June 21, 1881.

Mr. W. T. Coall, Mr. R. McWilliams and Mr. F. W. Burnett, for appellant; that appellant is not concluded by the judgment in trover, to which he was not a party, cited Green v. New River Co. 14 T. R. 590; Pritchard v. Hitchcock, 6 M. & Gr. 151; Bull's Nisi Prius, 238; Garent v. Wanimann, 3 Bing. 69; C. & N. W. R. R. Co. v. N. L. P. Co. 70 Ill. 217; York v. Steele, 50 Barb. 400; Whittaker v. Wheeler, 44 Ill. 440; Aspden v. Nixan, 4 How. 467; Goddard v. Benson, 15 Abb. Pr. 191; Freeman on Judgments, § 252.

There is no warranty of title in a trustee's sale: Owings v. Thompson, 3 Scam. 502.

The evidence fails to show a contract of warranty: Carondelet Iron Works v. Moore, 78 Ill. 65; Holmes v. Shaver, 78 Ill. 578.

Messrs. RICE & MILLER and Mr. A. N. KINGSBURY, for appellees; that fraud vitiates all sales, cited Rorer on Judicial Sales, 570.

McCULLOCH, J. This suit was commenced on the 12th day of March, A. D. 1878, to recover the amount due on three certain promissory notes made by appellees to appellant, dated November 8, 1875, bearing interest at the rate of ten per cent. per annum, and providing that if the interest be not paid annually the same to become principal and bear the same rate of interest. The writ was made returnable to the March term, 1878, at which term divers orders were made in regard to the pleadings, from which it appears that appellees had filed four pleas, but that they had obtained leave to withdraw the first and second. From the additional record filed by appellees it appears that on the eleventh day of December, 1878, the parties appearing by their respective counsel, and it appearing to the court that a part of plaintiff's cause of action set forth in his declaration remained unanswered, and not denied by plea, it was ordered, adjudged and considered by the court that the plaintiff have and recover of and from the defendants, by reason of the non-performance, by the defendants, of some of the promises and undertakings in the declaration mentioned, the sum of $2,329 damages, together with his costs and charges by him therefore expended, and that he have execution therefor. In what manner this sum was arrived at by the court does not appear, as there is no recital in the judgment showing what the nature of the defense was that was set up in the plea, nor what course was taken by the court to assess the damages. All we know is that a part of the plaintiff's declaration remaining unanswered by plea, the court proceeded to the rendition of final judgment as to the part unanswered. No complaint is now made by either party to this proceeding of the court, nor was there any attempt made

to question its correctness in the court below so far as we can learn from the record. It then appears that the cause proceeded as to the matters in issue by the pleadings between the parties, until the March term, 1880, at which term it being shown to the court that the pleas and replication had been lost, it was ordered that the cause be tried on a stipulation entered into between the parties, by which it was provided that the defendants might prove on the trial any fact or facts that would have been competent evidence under any special plea well pleaded, and that the plaintiff might prove any fact or facts that would have been appropriate under proper replications thereto. The cause thereupon proceeded to a trial before the court and a jury, the result of which trial was a verdict for defendants, upon which, after overruling a motion for a new trial, the court rendered judgment in favor of defendants for their costs and awarded execution therefor. From this judgment plaintiff below appeals to this court.

It is argued by appellant that the notes upon their face amounted to $2,960, and inasmuch as the evidence offered by appellees did not tend to establish a defense to more than $1,223, appellant was entitled to a verdict and judgment for the remainder. To this it is replied, and we think successfully, that the plaintiff having already taken a final judgment against defendants for that part of the amount claimed by him, not answered by the declaration, with an award of execution therefor, he is not now entitled to a second judgment for the same sum. The practice in such cases, as we understand it, is for the plaintiff to have an interlocutory judgment entered for the part of the declaration unanswered, but no final judgment should be entered until the trial of the issues, when the whole amount of the recovery can be included in one verdict and one judgment be rendered for the whole. But we are unable to perceive how the plaintiff can be allowed to sever his action either as to person or amount and have several judgments rendered against several persons, or against the same persons for several sums at different stages of the proceeding. Vanduzen v. Pomeroy, 24 Ill. 279; Freeland v. Board of Supervisors, 24 Ill. 303; Wight v. Meridith, 4 Scam. 360; Wight v. Hoffman, Id.

362.   The plaintiff in the court below having taken this irregular judgment cannot now be heard to complain that the amount thereof was not found in his favor by the jury.

It seems the defense relied upon in the court below was a part failure of consideration for the notes sued on arising out of the following state of facts: On the 16th day of May, 1871, Charles Zurmehlin and wife conveyed to Jesse J. Phillips certain property on which was situated a sash and door factory and planing mill of said Zurmehlin, in trust to secure the payment of a note payable to appellant for the sum of $2,500, with power in the trustee to sell the property in case of default in the payment of the note. Default having been made in payment of the note the trustee advertised the property to be sold as provided by the deed.

In the meantime Zurmehlin had made an assignment for the benefit of his creditors, to one Amos Miller, who claimed certain of the machinery in the planing mill as personal property and not covered by the deed of trust. Prior to the day on which the sale under the deed of trust was to take place, appellee, William V. Christian, went to appellant to see if an arrangement could not be made whereby said Christian and appellee George A. Kelly could buy the property and give their notes for the amount of appellant's claim, with the other two makers as sureties. It was then arranged that appellant should bid on the property the sum of $3,000 and Christian was to bid $50 more: that the trustee should a make deed to Christian and Kelly, and that they should give appellant the notes sued on in this case.

On the day of sale appellant, with Phillips the trustee, filed a bill and obtained an order for injunction from the master in chancery for the purpose of restraining Miller from removing any of said property claimed by him, from said planing mill and appellant signed the injunction bond. Miller had knowledge of this injunction, but says no writ was served upon him. When the sale was about to commence, Miller gave notice, in the presence of Brewer, Phillips, Christian and others in attendance, of his claim to the machinery under the deed of assignment made by Zurmehlin. Thereupon Phillips as trustee

proceeded with the sale; Christian and Kelly became the purchasers; Phillips made a deed to them, according to the description in the deed of trust to him, and put them in possession of the property sold, including the machinery and fixtures in dispute, and in pursuance of the arrangement made between appellant and Christian, made some days before the sale, appellant accepted of the purchasers the notes sued on in lieu of so much cash, to which he would have been entitled if the property had been for cash. Miller then commenced an action of trover against Brewer, Christian and Kelly, for the value of the machinery and fixtures claimed by him, upon the trial of which suit the issues were found in favor of Brewer, but against Christian and Kelly for $1,223, for which sum judgment was rendered against them in favor of Miller, which they were obliged to pay. They now claim that because of the failure of title to this machinery and fixtures for the value of which said judgment was rendered, the consideration of said notes has to that extent failed. As between the trustee and the purchasers it is not denied that the rule of *caveat emptor* applies. They had notice of the adverse claims of Miller, and must have known, for such is law, that the trustee would not be bound to make good their title. But it is claimed that Christian and Kelly were virtually purchasers from appellant; that, when they gave their notes to him, such notes represented the purchase money of all the property, including that in dispute; that the consideration therefor having failed to the extent of the amount they had to pay Miller, they can now set it up in defense against appellant.

It is a familiar rule that where the defective quality of the thing sold is relied upon as a failure of consideration, there must have been a warranty of or a fraudulent representation as to its quality or there can be no failure of consideration. Richards v. Betzer, 53 Ill. 466. So there can be no failure of consideration for notes given for the price of land conveyed by quit-claim deed in the absence of fraud. Botsford v. Wilson, 75 Ill. 132, and cases there cited.

In order to make appellant responsible for the failure of title to this machinery, it must be made to appear that he either

warranted the title thereto to the purchasers, or was guilty of some fraud or fraudulent representations in respect to the title whereby he is now estopped from claiming the full purchase price.

We cannot see from the evidence any fraudulent represent-tations whatever made by him to induce the purchase. The facts about the disputed title were made known to all persons present before the sale took place. The purchasers therefore had no right to rely upon anything appellant might have pre-viously said, even if he had falsely represented the title, for un-less the party, in ignorance of the truth, relied upon such false representations, he cannot be heard to say that he has been de-frauded.

The only remaining question is, did appellant warrant the title to the property in dispute? Christian says in his testi-mony that in his conversation with Brewer before the day of the sale, he inquired of Brewer whether or not the machinery and fixtures went with the real estate, and was informed by him that they did. On the day of sale after Miller had given notice of his claim, Christian testifies that appellant said to Phillips to go ahead and sell the property; that he guessed his bond was good for that amount, and that Phillips when about commencing the sale said he had a perfect right to sell the property; that it would be all right; that Judge Brewer was good for the amount yet.

There was no controversy as to the title to the realty. The only question was whether or not the property in dispute be-longed to the realty. To establish this claim Brewer and Phil-lips had filed a bill for an injunction, and had given bond to pay Miller and all damages resulting to him on account of the wrongful suing out of such injunction. Neither Brewer nor Phillips pretended to deal with the property in dispute in any other light than as part of the realty subject to the deed of trust.

The purchasers must have known they were purchasing from Phillips as trustee and not of Brewer, that all the title they could get under that purchase was the title which Phillips had power to convey and no more, and that as between themselves and the trustee they must run the risk of the title. If under

these circumstances, appellant as an inducement to the bidders, offered to warrant the title to the property in dispute, such an offer ought to have been very explicit in its terms and to be clearly proved.    The effect of Miller's notice of his claim would be to deter bidders from bidding the full value of the property. If in the face of such a claim on the part of Miller, the purchasers were induced to bid the full value of the prorerty in consequence of an agreement on the part of appellant to protect their title as against the claims of Miller, they ought to be able to show such agreement by other and better evidence than that already referred to.    We are unable to give the language of either Brewer or Phillips, or of both when considered together, such a construction as would amount to a warranty of title on the part of Brewer.    The sale was made by Phillips as so much real estate which he had authority to sell by virtue of the power contained in the deed of trust.    Brewer did not sell at all; much less did he undertake to sell this property in dispute as so much personal property of his own.    The circumstances of the case do not raise an implied warranty, and the language used at the sale does not amount to an express warranty.    If the purchasers expected to rely upon an undertaking of Brewer to make good their title, they had abundant opportunity to render that contract specific after the sale and before giving their notes, but this they did not do.    We are therefore of the opinion that the evidence wholly fails to sustain the defense of a part failure of consideration, and that the circuit court erred in not setting aside the verdict.

But with the record in its present anomalous condition we are unable to direct in what manner appellant is to proceed with his case.    Part of the claim has been reduced to a judgment, and should he obtain a verdict in his favor for the remainder it would seem, under the authority *supra*, to be erroneous for the court to render a second judgment in the same case.    The judgment from which the appeal was taken will therefore be reversed and the cause remanded to the court below, for such further proceedings as may be conformable to law as the court shall be advised.

Reversed and remanded.