JAMES HAYES, Appellant, v. W. H. DELZELL ET AL.,
Respondent.

St. Louis Court of Appeals, April 20, 1886.

1. DECEIT—TRUSTEES—CAVEAT EMPTOR.—The rule of *caveat emptor*
will not relieve a trustee of liability for damages for a deceit prac-
ticed upon a bidder at a foreclosure sale.

2. ——— FRAUD.—The suppression of a fact by one who is under an
affirmative duty to disclose the truth, coupled with a false state-
ment, will support an action for deceit.

3. ——— A sale by the trustee, under a deed of trust, without disclosing
the fact that a portion of the property mentioned in the notice read
at the sale had been previously released, renders the trustee liable in
an action for deceit by the purchaser who bought believing that he
was purchasing the property described in the deed of trust and in
the notice of sale.

4. ——— *Quaere*, whether these facts will support such an action
against the beneficiary in the deed of trust, without proof of *sci-
enter* on his part, he acting as curator of minor children.

5. DAMAGES.—In the absence of proof of actual damage, nominal
damages only can be recovered.

APPEAL from the Greene County Circuit Court, W.
F. GEIGER, Judge.

*Reversed and remanded.*

F. S. HEFFERNAN, for the appellant: Fraudulent
representations of the vendor of lands as to quality, quan-
tity, situation and title thereof will entttle the vendee to
relief. *Holland v. Anderson*, 38 Mo. 55; *Malone v.
Harris*, 6 Mo. 451; *Hall v. Clark*, 21 Mo. 415. Fraud-
ulent representations of facts regarding lands, which in-
duce a party to purchase, will be held fraudulent in equity,
however innocently made. *Glasscock v. Minor*, 11 Mo.
655; *Pomeroy v. Benton*, 57 Mo. 531; *Smith v. Bircher*,
2 Mo. App. 449; *Brownlee v. Hewitt*, 1 Mo. 360. And

the fact that the vendee neglects to examine the property and make inquiries will not relieve the vendor from liability. *Caldwell v. Henry*, 76 Mo. 254; *Brownlee v. Hewett, supra;* Willard's Eq. Jur. 149, *et seq.*

C. W. THRASHER, for the respondents: The plaintiff, as purchaser at the sale under the deed of trust, purchased at his own risk; and neither the trustee nor the beneficiary in said deed of trust were bound to convey him a perfect title to the land sold. *Bernard v. Duncan,* 38 Mo. 170; 2 Jones on Mortgages, sect. 1889; *Nixon v. Hyserott,* 5 Johns. 58; *Van Epps v. City of Schenectady,* 12 Johns. 435.

THOMPSON, J., delivered the opinion of the court.

This is an action by the purchaser at trustee's sale, against the trustee making the sale and the beneficiary in the deed of trust, for damages for deceit, whereby the plaintiff was induced to become the purchaser. The question was submitted to the court, sitting as a jury, upon an agreed statement of facts, after hearing which the court gave an instruction to the effect that the plaintiff could not recover and rendered judgment for the defendants.

The facts agreed upon, stated in outline only, were as follows: On the twenty-eighth day of November, 1882, Malinda Buckner executed a deed of trust in the usual form, conveying to the defendant Nease, as trustee, a parcel of ground in the city of Springfield, therein described by metes and bounds, to secure the sum of three thousand dollars, borrowed from the defendant Delzell, as curator of the estates of certain minors. On the third day of January, 1883, Nease, as trustee, and Delzell, as *cestui que trust*, executed to Ralph Walker a deed of release, releasing and quit-claiming to him *a part* of the land conveyed in the deed of trust, which part, the deed of release recites, had been conveyed to him by Malinda Buckner, which deed of release was

acknowledged and recorded on January 15, of the same year. The note secured by the deed of trust not having been paid at maturity, Nease, as trustee, in November, 1884, advertised the whole tract described in the deed of trust, referring for description to the deed of trust as it stood of record, for sale under the power of sale therein contained, and published the advertisement for thirty days in a daily newspaper published at Springfield. On the twenty-seventh day of December, 1884, at the court house, in the city of Springfield, in pursuance of the advertisement, Nease, as trustee, offered the property for sale, by reading the notice of sale which had been thus published, and by offering the land therein described for sale under the deed of trust, to the highest bidder for cash, to pay the note secured by the deed of trust. At this sale the plaintiff became the purchaser for the sum of $2075. The agreed statement of facts goes on to recite as follows: "That said James Hayes did not know of the deed to Ralph Walker, and supposed he was buying two hundred and twelve and a half feet on Chestnut street [the whole tract described in the deed of trust] at the time he made his bid; that he only got by said deed one hundred and seventy-seven feet on said Chestnut street [the amount remaining after excluding that conveyed in the deed of release] and that, long before the time of said sale under said trust deed, said Walker had taken possession of said strip of land described in said deed of release and it was enclosed when he bought it with a plank fence about ten feet in height, placed on the line between said strip of land described in said deed of release and the remainder of said tract described in said deed of trust, which fence was still standing on the ground before mentioned at the time of the advertising and sale of said land under said deed of trust." The agreed statement of facts, also, shows that, on the day of the sale by Nease, as trustee, he received the bid of the plaintiff "for the premises described in said deed of trust," and executed to him a deed in the usual form of

trustee's deed, which deed purported to convey to the plaintiff (but without covenant of warranty) all the land described in the deed of trust, following the same description as that in the deed of trust, and referring to the deed of trust, as it stood of record, for identification.

It is perceived that the question for decision is whether, in the facts thus agreed upon, there were facts sufficient to take the case to a jury, if it had been tried by a jury. It is true that the rule of *caveat emptor* applies to sales of this kind. The trustee executes a naked power and enters into no covenant, and can be required to enter into no covenant, beyond the usual covenant against acts or incumbrances done or suffered to be done by himself. *Barnard v. Duncan*, 38 Mo. 170, 181. These are called "the usual trustee covenants." Rawle Cov. 43. But the rule of *caveat emptor* does not exclude the right to maintain an action for damages for a deceit, where a deceit has been actually practiced; and we know of no rule which exempts a trustee, who makes a sale in the execution of a naked power, from the consequences of fraud which would attach under like circumstances to other persons. If the trustee may be thus liable, the *cestui que trust*, whose agent he is and who receives the benefit of the fraud, may be liable with him, but we do not decide this point on the present appeal, as it is not argued. Where the trustee undertakes to sell a given tract of land, professes to sell it, offers it for sale to the highest bidder, if, by reason of something which he himself has done since acquiring his title and power of sale, he has become disabled from making the sale in whole or in part, but nevertheless does undertake to make it, will any one say that a purchaser, ignorant of this fact, to whom the trustee fails to disclose it, is not defrauded? If the trustee could, without incurring the consequences of fraud, proceed to sell the whole two hundred and twelve and a half feet, after having previously released to another party twenty-seven feet of it, he might, for precisely the same reason, proceed to sell the whole tract

after having released the whole tract to some other person. The difference between the two cases would not be a difference of principle, but of degree. It would not go to the right of recovery, but only to the extent of the damages.

*Suppressio veri* will afford grounds of an action at law for deceit equally with *suggestio falsi*, where the circumstances are such that the party is under the duty of making the disclosure. *Early v. Garrett*, 9 Barn. & Cress. 928, 932, per Bayley, J. Whether the party is under the duty of making the disclosure must depend upon the circumstances of the particular case. Where those circumstances are such that the vendor knows, or has reasonable ground to believe, that unless he does make the disclosure, the purchaser will be liable to be misled to his injury, then it is his duty in good conscience to make it, and if he do not make it he is liable to the purchaser for the damages which the latter sustains. But here there was something more than a mere negative concealment. There was an affirmative representation by Nease, made in the most formal manner, and repeated again and again, of his power to sell the whole tract, as well as a concealment of the facts which disabled him from exercising the power. It is, therefore, unnecessary, in order to support an action for deceit upon these facts, to rest the case solely upon the obligation of the defendants to make a disclosure which they did not make.

Such would seem, from the agreed statement of facts, to have been the case here. For thirty days the defendant Nease had advertised in a daily newspaper that he would sell the whole tract conveyed in the deed of trust, describing it by metes and bounds, and referring to the deed of trust for identification. After thus continuously notifying the general public to come in and compete at the sale, he must have known that those members of the general public, who were not aware of the deed of release to Walker, would suppose that he was selling the whole tract conveyed in the deed of

trust. Knowing this, and knowing, also, that by his own act in executing the deed of release he had disabled himself from the power of selling a portion of this tract, he nevertheless proceeded to sell the whole. He read the notice of sale which had been published for thirty days in the daily newspaper, in which he had announced that he would sell the entire tract, and that was what he offered for sale and what he undertook and professed to sell. The plaintiff acted upon the faith of his professions, and bid—not for the one hundred and seventy-seven feet remaining after the execution of the deed of release, of which he knew nothing—but for the right, title, and interest acquired by the trustee by virtue of the deed of trust in the entire tract; and Nease struck off the entire tract to him and then deliberately executed to him a deed for the entire tract, which he had no power to do; and on the faith of getting this deed, the plaintiff parted with the sum of money named. Upon this state of facts, without further explanation, we can not understand how any fair minded man can say that the plaintiff was not cheated. There may not have been and there probably was not, any intention on the part of Nease to cheat him; but that is immaterial if what he did necessarily had that effect, and if he knew upon reflection, and was consequently bound to know, that it would have that effect.

Upon the agreed facts, then, there was not only a case to go to a jury, but the plaintiff was entitled to a judgment, at least, against Nease. But, as there is no statement in the agreed facts as to the amount of damage which the plaintiff sustained—nothing as to the value of the twenty-seven feet which was conveyed in the deed of release to Walker, and which the plaintiff supposed he was getting—but did not get, the plaintiff could not have recovered more than nominal damages. This defect in his case may possibly be supplied on another trial.

The judgment will be reversed and the cause remanded. It is so ordered. All the judges concur.