DIRKS TRUST & TITLE COMPANY, Respondent, v. KOCH et al., Appellants.

(143 N. W. 952.)

1. **Fraud—Warranty of Title—Foreclosure by Advertisement—"Judicial Sale"—Purchaser at Sale.**

Though a foreclosure by advertisement under power of sale is not a "judicial sale," yet, where mortgagee knew that the land was not the property of the mortgagor and intended to,

defraud the purchaser at such sale, the representation implied from the advertisement was false and fraudulent, and was good ground for an action for deceit, under the principle of Civ. Code, Sec. 1336, providing that under a judicial sale there is an implied warranty that the seller does not know that the sale will not pass good title.

2.  **Pleading—Deceit—Necessary Allegations—Judicial Knowledge— Damages.**

In an action for deceit, all that is necessary is to allege enough to show the value of what plaintiff received so as to show that he suffered damage from the deceit. **Held,** further, that where the court may take notice that a purchaser's certificate under foreclosure sale is worthless, he need not, in such action, allege that he received nothing thereunder.

(Opinion filed November 18, 1913.)

Action by the Dirks Trust & Title Company against Joseph H. Koch, Charles Hill, and another, to recover damages for deceit. From an order overruling defendant Hill's demurer to the complaint, defendants appeal. Order affirmed.

*Bartine & Bartine,* and *A. J. Wilcox,* for Appellants.

The party making the sale is not ordinarily liable for defects in title. 27 Cyc., p. 1488, Subdivision G.; Roberts v. Hughes, 81 Ill. 130; Vanscoyoc v. Kimler, 77 Ill. 151; Riggs v. Purcells, 60 N. Y. 193.

The purchaser at such sale is chargeable with whatever notice the record discloses, and is bound by such notice to him, and he takes only such title as the mortgagee possessed. 27 Cyc., p. 1492, Subdivision 8; Webber v. Clark, 136 Ill. 256; Preston v. Breckenridge, 86 Ky. 619; Dennerlein v. Dennerlein, 111 N. Y. 518; 27 L. R. A. 252; Hexter v. Schneider, 14 Ore. 184; Sackett v. Twinging, 57 Am. Dec. 599; Barron v. Mullen, 21 Minn. 374; Dresback v. Stein, 41 Ohio St. 70.

At a judicial sale the doctrine of Caveat Emptor applies, and after the confirmation thereof, the purchaser is estopped from claiming that he failed to receive good title. Freeman, Void Judicial Sales, Sec. 48, pp. 162-164; Maupin, Marketable Title, Secs. 45 and 46, pp. 76-78.

The purchaser has a right to whatever title he gets by purchase and nothing more. Rorer, Judicial Sales, pp. 474-168-169; Osterman v. Baldwin, 73 U. S. 6 Wall. 116, 18 L. Ed. 730; Neal v. Gillaspy, 26 Am. Rep. 37; Lynch v. Baxler, 4 Tex. 431; Smith

v. Painter, 9 Am. Dec. 344; Miller v. Finn, 1 Neb. 254; Vattier v. Lytle, 6 Ohio, 478; Norton v. Taylor and Nebraska Loan & Trust Co., 53 N. W. 481.

In case of failure of title the creditor is not bound to refund the purchase money, and the purchaser has no remedy against him, except in case the property has been previously sold. England v. Clark, 5 Ill. 486; Ritter v. Henshaw, 7 Iowa 97.

The only thing complained of in the complaint, if anything, is the defect in the mortgagor's title. Love v. Harris, 36 L. R. A. (N. S.) 927-931.

Such publication of notice is not a warranty of title. Leward v. Carter, 3 L. R. A. 440.

The complaint alleges that the plaintiff in due course of business purchased a sheriff's certificate of sale to certain lands, that he now owns it and is in possession of it. He further alleges that he duly recorded it. He by such a state of facts admits that he has something of value.

It is not alleged that the notice was defective or misleading as to the description of the land, so that they had been mislead as to the records.

The plaintiff cannot hold fast to and claim under a sheriff's certificate of sale, and keep the record incumbered without a surrender of his title or claim of title, and at the same time maintain an action to recover back money paid on purchase of real estate. A rescission is necessary, and must be pleaded. Zufall v. Peyton, (Okla.) 29 L. R. A. (N. S.) 740.

*Brown & Brown,* for Respondent.

The facts admitted by the demurrer show that plaintiff was defrauded out of his money by Hill's knowingly false representations.

The rule of caveat emptor does not apply in this case. Schwinger v. Hickok, 53 N. Y. 280; see, also, Zufall v. Peyton, (Okla.) 29 L. R. A. (N. S.) 740; Civil Code, Sec. 1336.

The holder of this alleged mortgage forecloses it, and then comes before this court alleging that the sheriff's certificate of sale on such foreclosure is a thing of value to him, because by means of it he might coerce the true owner (the adverse claimant) to pay him money to have the record of it cancelled.

The plaintiff may have already cancelled the record of this

void certificate, or given the true owner of the land a quit-claim deed. If he has not, it is nothing of which the defendant Hill can complain.

WHITING, P. J. This cause comes before us upon an appeal from an order overruling defendant Hill's demurrer to the complaint. The demurrer confesses the following facts: Defendants Koch gave a mortgage upon certain real estate to one Nugent, who afterwards assigned same to Hill. The mortgage and assignment were duly recorded, and Hill foreclosed the mortgage by advertisement. Plaintiff, relying upon the representations made by Hill in the publication of the notice of foreclosure, became the purchaser at the foreclosure sale, received the sheriff's certificate, and paid the purchase price to the sheriff as agent for Hill. The land described in said mortgage was not, at the date of such mortgage or at any time thereafter, the property of the Kochs, which fact was known to Hill at the time of the foreclosure. Hill ordered the foreclosure with the fraudulent intent to secure from plaintiff the said sum of money which plaintiff paid on such foreclosure; he secured this money from plaintiff by means of, and with full knowledge, of, such fraud; and he retained said money though demand has been made therefor.

Appellant contends that plaintiff is not entitled to any relief because, being a purchaser at a mortgage foreclosure sale regularly advertised and duly conducted, the rule of caveat emptor should apply to him. Most of the authorities cited by appellant are opinions relating to judicial sales. An examination of such authorities discloses that, while they all hold the rule of caveat emptor applicable to a purchase at judicial sale, they nearly all note, as exceptions to those cases where such rule applies, cases where there has been fraud and misrepresentation on the part of the party for whose benefit the sale is made. Furthermore, if the sale pleaded could be deemed a judicial sale, then section 1336, C. C., would apply. This section provides: "upon a judicial sale the only warranty implied is that the seller does not know that the sale will not pass a good title to the property." It follows that when one directs a judicial sale he represents to whomsoever may become a purchaser that he knows of no reason why such purchaser will not get good title to the property. Certainly if such party knows that a purchaser at the sale will not get

good title, the representation implied from the notice published is false and, if made with intent to defraud, should be grounds for an action founded on deceit.

[1] Although a foreclosure by advertisement under power of sale is in no sense a "judicial sale" (24 Cyc. 6), yet we can see no good reason why the party directing such sale, especially if he is to be the beneficiary thereunder, should not also be held to impliedly warrant that he "does not know that the sale will not pass a good title to the property" described in the notice published. We can imagine no clearer case of willful fraud than where one who knows that a mortgage is a forgery and therefore absolutely invalid, or that, as in this case, the parties executing the mortgage never had any right or interest in the land described in such mortgage—therefore knowing that whoever shall purchase at the foreclosure sale will receive no consideration for his money—yet publishes a notice of sale and invites his fellow men to become purchasers upon such sale.

Appellant cites 27 Cyc. 1488 G, where, in speaking of a purchase at a foreclosure sale under power of sale, it is said: "But the rule of caveat emptor applies to such sales, and the trustee or mortgagee making such sale is not ordinarily liable to him for any defects in the title." In support of this text Cyc. cites two cases—Brewer v. Christian, 9 Ill. App. 57, and Sutton v. Sutton, 7 Grat. (Va.) 234, 56 Am. Dec. 109. An examination of these cases reveals that in each of them the sale was made by a trustee and the suit was against such trustee; that, in the first case, the purchaser had been fully advised of the adverse claim that affected the title, and moreover, in its decision, the court clearly recognized an exception to the rule that caveat emptor applies to such a sale by stating, "It is a familiar rule that, where the defective quality of the thing sold is relied upon as a failure of consideration, there must have been a warranty of or a fraudulent representation as to its quality;" and that, in the other case, the court recognized such exception by stating, "And it is not pretended that in conducting and accomplishing the sale he (the trustee) was guilty of any fraudulent act or misrepresentation." Appellant has also cited 27 Cyc. 1492, subd. 8. The only part of the subdivision cited that has the remotest application to the facts in this case is the following: "A sale by a trustee under a deed of trust, without

disclosing the fact that a portion of the property mentioned in the notice read at the sale had previously been released, renders the trustee liable in an action for deceit by the purchaser, who bought in the belief that he was purchasing the property described in the deed of trust and in the notice of sale." Cyc. cites, in support of the above holding, Hayes v. Delzell, 21 Mo. App. 679, a case strikingly analogous in its facts to the case before us, and we would willingly quote and adopt all that was said therein but will content ourselves with the following therefrom: "Suppressio veri will afford grounds of an action at law for deceit equally with suggestio falsi, where the circumstances are such that the party is under the duty of making the disclosure. Early v. Garret, 9 Barn. & Cress, 928, 932, per Bayley, J. Whether the party is under the duty of making the disclosure must depend upon the circumstances of the particular case. Where those circumstances are such that the vendor knows, or has reasonable ground to believe, that unless he does make the disclosure the purchaser will be liable to be misled to his injury, then it is his duty in good conscience to make it, and if he do not make it he is liable to the purchaser for the damages which the latter sustains. But here there was something more than a mere negative concealment. There was an affirmative representation by Nease, made in the most formal manner, and repeated again and again, of his power to sell the whole tract, as well as a concealment of the facts which disabled him from exercising the power. It is therefore unnecessary, in order to support an action for deceit upon these facts, to rest the case solely upon the obligation of the defendants to make a disclosure which they did not make." And we say, as did the Missouri court, "upon this state of facts, without further explanation, we cannot understand how any fair-minded man can say that plaintiff was not cheated."

[2] Appellant contends that the complaint fails to state facts sufficient to constitute a cause of action because it appears that respondent has a certificate of sale; that he has recorded it; that it must therefore be a thing of value; that respondent does not disclaim any rights under it; and that there is no allegation that respondent received nothing under it. Such allegations might be necessary if respondent was seeking a rescission of his purchase. In an action of deceit all that is necessary is to allege enough to

show the value of what plaintiff received so as to show that he suffered damage through appellant's deceit. We do not deem an allegation of the value of the certificate of sale necessary, as the court will take notice that such certificate is worthless—certainly no court would hold that respondent could legally maintain any rights thereon.

The order appealed from is affirmed.