DANNER, Respondent, v. MURNAN, Appellant.

(178 N. W. 987.)

(File No. 4687.  Opinion filed August 25, 1920.  Rehearing denied November 6, 1920.)

1.  Executions—Defendant's Erroneous Initial Corrected After Judgment, Intermediate Record Realty Sale by Defendant—Title to Realty, Whether Transferred Under Execution Sale, Relative Rights of Bidder and Judgment Creditor.

Where, after a judgment had been entered against H. by a wrong middle initial, plaintiff in the action upon ex-parte application, procured correction of the initial; and between date of judgment and that of the corrective order defendant therein conveyed certain realty, and thereafter, under execution sale in the suit, D purchased the land, paying the amount bid and receiving sheriff's certificate of sale; thereafter said defendant's grantee brought suit against holder of the certificate and the sheriff to set aside the execution sale and enjoined sheriff from issuing deed on the certificate, plaintiff therein prevailing. And thereafter D brought the present action against plaintiff in the original suit, to recover the money he had paid at the execution sale, and recovered; held, that the latter judgment was erroneous; that the rule of caveat emptor does not apply as against execution sale purchaser; that one purchasing at execution sale, where the particular interest offered is not expressly stated, may assume he is entitled to receive conveyance in fee and that the title is marketable, and if not marketable, that fact is a defense in a suit to compel purchaser to complete his purchase; that, the title having failed, no consideration passed to the bidder, and that price paid does not belong to judgment creditor, since the property sold did not belong to judgment creditor; hence judgment creditor should reimburse purchaser to amount of purchase money.

2.  Same—Intermediate Deed, Whether Grantee Put on Inquiry Re Mistake in Initial, Whether Judgment Cancelling Execution Sale Correct, Not Decided—Failure to Appeal From Judgment Setting Aside Sale, Conclusive.

Whether the contention by execution plaintiff, that the unamended judgment in the original suit is sufficient to put judgment debtor's grantee upon inquiry notwithstanding the mistake

in the middle initial, or whether the judgment in the suit to set aside sheriff's sale was correct, not decided; but, whether right or wrong, said judgment was accepted as the law by defendant therein—appellant here—and it cannot now be questioned, he not having appealed from the judgmment.

**3.  Executions—Whether Sale Thereunder is Judicial Sale—Implied Warranty Re Title, Statute Re Construed**

An execution sale of realty is a judicial sale; and such sale under execution against a defendant whose middle initial was erroneously stated in the original judgment, and corrected by ex-parte order thereafter, and before execution issued, is within Sec. 9513, Rev. Code 1919, providing that the only warranty implied by seller at a judicial sale is that he does not know the sale will not pass good title to the property; and (following Title Co. v. Koch, 32 S. D. 551) since statute applies even though the sale may not be strictly judicial sale, and the judgment creditor in case at bar should be held to have known that nothing would pass by the sale, by the proceeding to correct name of defendant he recognized that his judgment was not a lien on defendant's grantee's property, and was charged with knowledge that judgment debtor had parted with his title before the correction was made.

Whiting, J., not participating in the decision.

Appeal from Circuit Court, Gregory County. Hon. William Williamson, Judge.

Action by J. H. Danner, against Harry A. Murnan, to recover money paid upon execution sale. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*W. J. Hooper,* for Appellant.

*N. D. Burch,* for Respondent.

(1) To point one of the opinion, Appelant cited: Dirks Title Co., v. Koch, et al, 32 S. D. 551; Dresser v. Kronberg, 36 L. R. A. (N. S.), note; Murphy v. Higginbottom, 27 Am. Decisions, 395.

Respondent cited: Dirks Trust and Title Co., v. Koch 14 et al. 32 S. D. 551, 143 N. W. 952; Wanser v. De Nyse, 188 N. Y. 378, 80 N. E. 1088, 117 Am. St. Rep. 871.

POLLEY, J. During the month of December, 1907, Harry A. Murnan, the defendant and appellant herein, commenced an action in the circuit court for Gregory county, against one Henry

Lewis Hanson, but through mistake the defendant's name appeared as Henry C. Hanson, instead of Henry Lewis Hanson. On the 15th day of January, 1908, judgment was entered in said action in favor of plaintiff in the sum of $152.65. On that date the said Hanson was the owner of 120 acres of land in that county under the name of Henry Lewis Hanson. On the 13th day of February, 1908, said Hanson conveyed said land to his father, John M. Hanson. In July of that year the circuit court, upon application of the said Murnan, corrected the name of the defendand in said judgment to Henry L. Hanson. Thereafter execution was issued in that action, and the said land was levied upon by the sheriff and sold. At this sale, J. H. Danner, plaintiff and respondent in this action, bid in said property for $225, and sheriff's certificate of sale was issued to him. About three months thereafter the said John M. Hanson commenced an action against Danner and the sheriff for the purpose of setting aside the said sheriff's sale and enjoining the sheriff from issuing a deed on the said certificate. In this action the plaintiff prevailed, and on the 11th day of May, 1911, the circuit court entered a decree, setting aside the said sheriff's sale, canceled the said certificate, and permanently enjoined the sheriff from issuing a deed thereon. Thereafter said Danner brought this action against Murnan for the recovery of the money he had paid on the said sheriff's certificate of sale. He had judgment for the full amount, together with interest since the date of said sale and his costs. From said judgment Murnan appeals.

[1] The sole question to be determined is whether the purchaser at execution sale where the title fails, can recover from the judgment creditor the amount paid at such sale. There was no concealment on the part of the execution creditor. All matters affecting the title to the property, the validity of the judgment, and the execution sale were of record, and respondent is charged with knowledge of all such matters at the time he bid on the property at the sale. Appellant contends that the rule of caveat emptor should apply, that respondent should be held to have purchased at his own risk, and that he has no redress against the judgment creditor. That this rule is supported by the weight of authority cannot be doubted.

Holt v. Bason, 72 N. C. 308; Lewark v. Carter, 117 Ind. 206,

20 N. E. 119, 3 L. R. A. 440, 10 Am. St. Rep. 40; Henderson v. Overton, 2 Yerg. (Tenn.) 394, 24 Am. Dec. 492; Murphy v. Higginbottom, 2 Hill (S. C.) 397, 27 Am. Dec. 395. But there are well-considered cases to the contrary. In Wanser v. De Nyse et al., 188 N. Y. 378, 80 N. E. 1088 117 Am. St. Rep. 871, the defendant bid in a piece of real estate at a referee's sale, but, finding that he could not secure a marketable title, refused to complete the purchase by paying the amount of his bid. Upon motion to compel payment the court said:

"In this state a person who, in good faith, bids upon real property at a judicial sale where the particular interest offered is not expressly stated, has a right to assume that he is to receive a conveyance of the fee, and that the title to such real property is marketable. In case the title to such real property is not marketable, such fact is a defense to the motion to compel the purchaser to complete his purchase or to any other proceeding or action based upon such bid. * * * The decision, on such a motion, should be based upon equitable principles."

In Dresser v. Kronberg, 108 Me. 423, 81 Atl. 487, 36 L. R. A. (N. S.) 1218, Ann. Cas. 1913B, 542, the plaintiff bought chattels at an execution sale. A third party recovered the chattels on replevin, and plaintiff brought suit against the execution creditor to recover the money he had paid at the sale. Plaintiff prevailed, the court saying:

"No consideration whatever passed to the plaintiff for the money which he had paid through the hands of the sheriff into the pocket of the defendant. The price paid does not belong to the defendant, because the property sold did not belong to the judgment debtor, and a creditor cannot satisfy his execution against A. by seizing the property of B. On the other hand, the money does belong to the plaintiff, who parted with it without consideration."

In 10 R. C. L. 1344, it is said that, under circumstances such as are presented in this case:

"It would seem just that the execution creditor should reimburse the purchaser to the amount of the purchase money"—citing Dresser v. Kronberg, supra.

[2] It is contended by appellant that the judgment against Henry L. Hanson was sufficient to put his grantee upon inquiry,

notwithstanding the mistake in the middle initial of his name, and that the judgment in the case of Hanson v. Danner et al., is not correct as a matter of law. Whether such judgment was right or wrong as a matter of law, we refrain from expressing any opinion. But whether right or wrong, it was accepted as the law by the appellant in this case, and it cannot be questioned now. If he was dissatisfied with the result in that case, he should have appealed from the judgment.

[3] It is contended by respondent that the sale involved is a judicial sale, and that the case comes within the provisions of section 953, Code 1919. This section provides that the only warranty implied by the seller at a judicial sale is that he does not know that the sale will not pass a good title to the property. Under the modern definition we believe that an execution sale is a judicial sale, and that this section applies, 4 Words and Phrases, p. 3867, and cases cited. And under the rule announced by this court in Title Co. v. Koch, 32 S. D. 551, 143 N. W. 952 49 L. R. A. (N. S.) 513, this statute applies even though the sale may not be a strictly judicial sale. Appellant should be held to have known that nothing would pass by the sale. When he instituted the proceeding to correct the name of the defendant in Murnan v. Hansen, he recognized the fact that his judgment was not a lien on Hanson's property; and he is charged with knowledge that Hanson had parted with his title before the correction was made. Therefore he knew that no title would pass by the sale, and his implied warranty was broken. We believe that he ought to be compelled to return respondent's money.

The judgment appealed from is affirmed.

WHITING, J., did not participate in this decision.