J. F. ENGLAND'S SONS, INC., Respondent

v.

LIGGETT et al., Appellants

(152 N.W.2d 583)

(File No. 10333. Opinion filed August 30, 1967)

Rehearing denied October 16, 1967

**Smiley & Anderson,** Belle Fourche, for defendants and appellants.

**Bangs, McCullen, Butler & Foye, Thomas E. Simmons,** Rapid City, for plaintiff and respondent.

ROBERTS, Judge.

This is an appeal from a judgment for deficiency after retaking and resale of properties sold to defendants on conditional sales contracts. Defendants Robert Liggett and Christine Liggett have appealed. Defendant Frank D. Heinbaugh has not appealed.

Two conditional sales contracts are here involved. On November 1, 1963, appellants entered into a conditional sales contract with respondent J. F. England's Sons, Inc., an equipment dealer, to purchase a Caterpillar diesel motor grader for $6,834. The contract also included a LeTourneau cable scraper at the price of $2,401.48. These amounts plus financing charges in the sum of $2,985.42 and the balance on an open account in the sum of $1,162.44, appellants agreed to pay in 28 monthly installments. On November 20, 1963, plaintiff sold to defendant Robert Liggett and defendant Frank D. Heinbaugh two Cater-

pillar motor scrapers for $26,100. On this amount purchasers were credited with the payment of $3,000. The balance of $23,100 and $6,311 in financing charges, the purchasers also agreed to pay in 28 monthly installments.

Plaintiff, after defendants had defaulted, instituted a claim and delivery proceeding to repossess the properties described in the contracts and judgment was rendered on September 21, 1964, determining right of possession in the plaintiff. On October 1, 1964, plaintiff caused notice of sale to be published in a weekly newspaper in Pennington County, and copies to be posted in three public places within the county. On September 28, 1964, plaintiff by registered mail informed defendants of its intention to sell the properties and enclosed with each letter a copy of the notice of sale. The sale pursuant to the notice was held at the equipment yard of plaintiff in Rapid City on October 12, 1964. A representative of the plaintiff was the only bidder at the sale. The present action was then commenced against defendants to recover the balance alleged to be due upon the contracts. The amount of the alleged deficiency was arrived at by deducting the sum of the bids from the total of the balances due under the contracts and the expenses of retaking and resale.

The defendants answered admitting execution of the conditional sales contracts and as affirmative defenses alleged that the November 20, 1963 contract was supplemented by an agreement to the effect that $8,000 of the stipulated purchase price was to be expended by the seller for parts and labor in repairing the property sold and that plaintiff seller having failed to comply with the provisions of the Uniform Sales Act defendant purchasers are discharged of all obligations. Defendants Robert Liggett and Christine Liggett on motion were granted leave to file an amended answer and cross complaint. In addition to the defenses set forth in the original answer, they affirmatively assert as defenses unjust enrichment and right of rescission.

The contracts contain, among others, the following provisions: "Title to the property is retained in the Seller until the above unpaid balances of the time price is fully paid in money when title shall pass ·to Buyer. * * * If Purchaser defaults

on any obligation under this contract, * * * the full balance shall without notice become due forthwith. * * * Purchaser agrees in any such case to pay said amount or, at holder's election, to deliver the property to holder, and holder may, without notice or demand for performance or legal process, enter any premises where the property may be found, take possession of it and custody of anything found in it, and retain all payments as compensation for use of the property while in Purchaser's possession. The property may be sold at any time thereafter with or without notice, at private or public sale, at which holder may purchase with or without having property at the sale; the proceeds less all expenses of retaking, storing, repairing and selling shall be credited on the amount payable hereunder; Purchaser shall pay any remaining balance forthwith as liquidated damages for the breach of this contract, any surplus, however, to be paid to Purchaser."

Appellants contend that plaintiff failed to comply with statutory requirements in retaking the subject property and that such failure discharged them of all further obligation. Since defendants had under the contracts paid less than fifty per cent of the purchase price, plaintiff was not compelled by the provisions of SDC 54.0219[1] to resell, but upon compliance with the provisions of that section plaintiff had the option of reselling for the account of the defendants. SDC 54.0220.[2] It is asserted by appellants that a deficiency judgment may be had only in the event of com-

---

1. "If the buyer does not redeem the goods within ten days after the seller has retaken possession, and the buyer has paid at least fifty per cent of the purchase price at the time of the retaking, the seller shall sell them at public auction in the state where they were at the time of the retaking, such sale to be held not more than thirty days after the retaking. The seller shall give to the buyer not less than ten days' written notice of the sale, either personally or by registered mail, directed to the buyer at his last known place of business or residence. The seller shall also give notice of the sale by at least three notices posted in different public places within the filing district where the goods are to be sold, at least five days before the sale. If at the time of the retaking five hundred dollars or more has been paid on the purchase price, the seller shall also give notice of the sale at least five days before the sale by publication in a newspaper published or having a general circulation within the filing district where the goods are to be sold. The seller may bid for the goods at the resale. If the goods are of the kind described in section 54.0208, the parties may fix in the conditional sale contract the place where the goods shall be resold."

2. "If the buyer has not paid at least fifty per cent of the purchase price at the time of the retaking, the seller shall not be under a duty to resell the goods as prescribed in section 54.0219, unless the buyer serves upon the seller, within ten days after the retaking, a written notice demanding a resale, delivered personally or by registered mail. If such notice is served, the resale shall take place within thirty days after the service, in the manner, at the place and upon the notice prescribed in section 54.0219. The seller may voluntarily resell the goods for account of the buyer on compliance with the same requirements."

plete statutory compliance and that under the provisions of SDC 54.0223 they were discharged if there were no valid sale. The gist of the contention is that the sheriff of Harding County did not comply with the provisions of the claim and delivery statute, SDC 1960 Supp. 37.3806, in that he failed to take and retain in his possession and control the property for three days after seizure and that the failure to so do rendered the subsequent proceeding void and discharged them from further obligation.

■ During a three day period after seizure of property by the sheriff in a claim and delivery proceeding the defendant may exercise under the provisions of section 37.3806, supra, the privilege of reclaiming the property and resuming possession upon the giving of a proper undertaking. If a return is not so required within the three day period, the property is then delivered to the plaintiff. The possession of the sheriff during such period is temporary and contingent for it is not possible to say whether plaintiff or defendant will be entitled to possession. While the sheriff seized the property at the instance of the plaintiff conditional seller, he did not act as its agent, but acted in his official capacity. Appellants contend that retaking under claim and .delivery could only occur if plaintiff seller legally obtained the property from the sheriff.

■ The conditional sales contracts authorized the seller in the event of default to enter the premises without notice or legal process and take possession of the property sold. Conceding the right of the plaintiff under the contracts to repossess the property, we assume for purpose of decision that the right could not be enforced without consent of defendant purchasers or by legal process. The primary issue in claim and delivery is the right of possession in the plaintiff. Defendants were named as parties and were served in the claim and delivery proceeding. A default judgment was rendered decreeing possession in the seller. The facts which were there directly involved and actually determined are not subject herein to collateral review. Keith v. Willers Truck Service, 64 S.D. 274, 266 N.W. 256, 104 A.L.R. 1471; Danner v. Murnan, 43 S.D. 289, 178 N.W. 987; Raschke v. DeGraff, 81 S.D. 291, 134 N.W.2d 294.

■ The next consideration is the contention that there was no resale in the manner prescribed by statute. No specific provision as to the obligation of the seller to obtain a fair price on resale except as it may be implied in the requirement of a public sale is contained in the Conditional Sales Act. Appellants are correct in asserting that the seller is required upon resale to deal fairly so as to protect the equity of the conditional buyers in the property. The court after hearing evidence found that three of the four machines were bid in at inadequate prices. The bid price of the motor grader included in the November 1, 1963 contract at the price of $6840 was $2500. It was resold by the plaintiff a few days later for $6250. The court found that plaintiff conditional seller should have bid for the grader the sum of $5000. The court also found that bids of $11,000 for the two Caterpillar motor scrapers included in the November 20, 1963 contract were not made in good faith and were disproportionate to their actual values; that plaintiff should have bid at the resale, after deducting the amount of $3800[3] as a reasonable commission for sale and servicing, the sum of $15,200. The fair and reasonable values as thus determined were credited to the defendant buyers on their indebtedness.

Appellants do not contend that the findings are against the weight and preponderance of the evidence. The claimed error is that the court should have found that the conditional seller is in the same position as if there had been no sale after the retaking and should have decreed that appellants were discharged of all further obligation.

The Conditional Sales Act, SDC 54.0223, to which we have referred, provides that where there is "no resale * * * the buyer shall be discharged of all obligation". Dean Bogert, the draftsman of the Uniform Conditional Sales Act, explains the purpose of this and other resale provisions: "It was the intention of the draftsmen of the Act to provide in sections 19 to 23 (resale provisions contained in §§ 54.0219-23) a foreclosure sale system, for the purpose of protecting the equity of the conditional

3. No issue is here presented as to this allowance.

buyer and insuring the return to him of such proportion of his part payments as are equitably due him."[4]

The rule is established that a conditional seller who repossesses property intending to resell it and bring an action against the buyer for deficiency after crediting the amount obtained on the resale must deal fairly with the buyer so as to obtain the best price reasonably possible. Hill v. Dominquez, 138 Cal.App.2d Supp. 891, 291 P.2d 203; Maestro Music, Inc. v. Rudolph Wurlitzer Company, 88 Ariz. 222, 354 P.2d 226; Motor Contract Co. v. Johnson, 61 Ga.App. 735, 7 S.E.2d 320; General Motors Acceptance Corp. v. Dickinson, 249 Ky. 422, 60 S.W.2d 967; Annotation, 49 A.L.R.2d 15, 57. The trial court concluded that appellants were thus entitled to have the reasonable value of the property applied to their indebtedness.

The provisions of SDC 54.0219 allow the conditional seller the right to bid at a resale. This is comparable to the provisions of SDC 1960 Supp. 37.3505 which permit a mortgagee to become the purchaser of property sold on foreclosure by advertisement. After a conditional seller gives the required notice of the time and place of the resale, the seller cannot be held accountable for the fact that there were no other bidders at the sale. Bulldog Concrete Forms Sales Corp. v. Taylor, 7 Cir., 195 F.2d 417, 49 A.L.R.2d 1; General Motor Acceptance Corporation v. Dickinson, supra. Appellants undertook to establish that the officers of plaintiff corporation familiar with construction equipment prices took an unfair advantage of defendants having limited knowledge of such values and that defendants obligated themselves to pay more than the market value of the property sold. As in other cases, if the seller is guilty of fraud inducing a sale, the well established rule is that the buyer to rescind must act promptly. SDC 10.0804; Beatty v. Depue, 78 S.D. 395, 103 N.W.2d 187, 1 A.L.R.3d 531; Williston on Sales, Rev.Ed., § 611. There is no claim that appellants before commencement of the present action sought to exercise the right of rescission. It may too be observed that a determination that the market value of property covered by a conditional sales contract was less than

---

4. 2A Uniform Laws Annotated, Bogert, Commentaries on Conditional Sales, § 117.

the buyer agreed to pay would not be relevant. At most, the evidence would establish that the property is not worth the price to be paid. James Talcott, Inc. v. P & J Contracting Co., 27 Wis.2d 68, 133 N.W.2d 473.

 The fact that the property was sold for inadequate prices did not operate to avoid the sale. It appears from the undisputed evidence that the sale was otherwise conducted according to the procedure prescribed by statute. The court found the reasonable value of the property sold and that amount less expenses was credited to the balance of their indebtedness. This is not a case where the buyer is discharged from further obligation because there was no resale.

Judgment affirmed.

All the Judges concur.