Clarence H. Dresser *vs*. Jacob Kronberg.

Cumberland. Opinion November 20, 1911.

*Execution Sale. Bona Fide Purchaser. Money Had and Received. Assumpsit.*

A bona fide purchaser of chattels, for value, at a sheriff's sale on execution can recover from the judgment creditor in an action for money had and received when the chattels sold were, at the time of the sale, not the property of the judgment debtor but of a third person.

Assumpsit for money had and received is comprehensive in its reach and scope, and though the form of procedure is in law it is equitable in spirit and purpose, and the substantial justice which it promotes renders it favored by the court.

There need be no privity of contract between the parties, in order to support an action for money had and received, except that which results from one man's having another's money which he has not a right conscientiously to retain. The law then creates both the privity and the contract.

On exceptions by defendant. Overruled.

Action for money had and received brought in the Superior Court, Cumberland County. Plea, the general issue. At the conclusion of the evidence the presiding Justice (the late Judge Turner) ordered a verdict for the plaintiff and the defendant excepted.

The case is stated in the opinion.

*Wilford G. Chapman*, for plaintiff.

*Gerry L. Brooks*, for defendant.

Sitting: Whitehouse, C. J., Savage, Spear, Cornish, Bird, Haley, JJ.

Cornish, J. The defendant Kronberg recovered judgment against one Waterhouse, took out execution and caused two horses which had been previously attached on mesne process to be sold upon execution at sheriff's sale as the property of Waterhouse, to the

plaintiff for the sum of fifty-eight dollars, and the proceeds of the sale were paid by the officer to the defendant in this action as the judgment creditor in the execution.

Subsequently the horses were replevined by the Saco Grain and Milling Company as the true owner thereof and judgment in the replevin suit was duly rendered in favor of said company. Thereupon the plaintiff Dresser brought this action of assumpsit for money had and received against the defendant, the judgment creditor in the original action. The presiding Judge directed a verdict in favor of the plaintiff and the case is before this court on defendant's exceptions to this ruling.

A single question of law is involved, namely, whether a bona fide purchaser for value of chattels at a sheriff's sale can recover from the judgment creditor in an action for money had and received when the chattels sold were at the time of sale the property not of the judgment debtor but of a third party.

It should be observed at the outset that the action of assumpsit for money had and received is comprehensive in its reach and scope. Though the form of the procedure is in law it is equitable in spirit and purpose and the substantial justice which it promotes renders it favored of the courts. "It is a familiar principle," says the court in *Pease* v. *Bamford*, 96 Maine, 23, "that when one person has in his possession money which in equity and good conscience belongs to another, the law will create an implied promise upon the part of such person to pay the same to him to whom it belongs, and in such a case an action for money had and received may be maintained." This is but the affirmation of the early statement of Lord Mansfield in *Moses* v. *McFerlan*, 2 Burr. 1012, that, when ex aequo et bono, the plaintiff is better entitled to the thing than the defendant is to withhold it from him, he may recover in this form of action.

The instances in which the courts have applied this doctrine are so numerous and varied as to render citation of authorities unnecessary. The question is, should it be applied in the case at bar? It is conceded that the attempted sale of chattels not belonging to the judgment debtor was void and conveyed no title to the plaintiff, the would be purchaser. *Farrant* v. *Thompson*, 5 Barn & Ald, 826 ;

*Buffum* v. *Deane*, 8 Cush. 35; *Champney* v. *Smith*, 15 Gray,
512; *Coombs* v. *Gorden*, 59 Maine, 111. The execution was not
in itself a nullity but it gave no authority to proceed against the
property which was sold. It authorized the sale of the property
of the judgment debtor, but not of a stranger.

It is further conceded that the plaintiff purchased the property in
good faith, assuming as we think he had a right to assume, that it
belonged to the judgment debtor and that he was securing a good
title thereto. This proved to be a mistake in fact for the title
absolutely failed. No consideration whatever passed to the plaintiff
for the money which he paid through the hands of the sheriff into
the pocket of the defendant. The price paid does not belong to the
defendant because the property sold did not belong to the judgment
debtor and a creditor cannot satisfy his execution against A by
seizing the property of B. On the other hand, the money does
belong to the plaintiff who parted with it without consideration.
Why should not the repayment by the party who is not entitled to
it to the party to whom it belongs, be compelled by means of this
legal process designed to meet just such cases? No one loses thereby.
The true owner has recovered his property, the judgment debtor
cannot have his debt paid with the property of another, and the
judgment creditor, the defendant in this suit, after repayment, can
obtain a new execution upon the judgment for the full amount by a
writ of scire facias; *Wilson* v. *Green*, 19 Pick. 433; *Pillsbury* v.
*Smyth*, 25 Maine, 427; *Rice* v. *Cook*, 75 Maine, 45. A result
which restores to each his own is equitable and therefore desirable.

Suppose the judgment creditor bids in the property at the sale
and subsequently it is taken from him as the property of another.
Clearly a new execution for the full amount would be granted.
*Piscataquis County* v. *Kingsbury*, 73 Maine, 326. The situation
is no different if the purchase has been made by another and the
creditor has repaid the purchase price either voluntarily or involun-
tarily. The original purchase was under a mistake of fact and the
remedy here asked puts the parties in statu quo.

We are aware that the courts in some other jurisdictions notably
in Indiana and Illinois, have denied recovery from the judgment

creditor, but we are unable to assent to the force of the reasoning by which that conclusion is reached. *Dunn* v. *Frazier*, 8 Blackf. (Ind.) 432; *Lewark* v. *Carter*, 117 Indiana, 206, see note same, 3 L. R. A. 440; *England* v. *Clark*, 5 Ill. 487. The decisions in Indiana are placed upon the ground that the doctrine of caveat emptor applies with full force in all judicial sales and that the purchaser buys at his peril. This statement when rightly interpreted is true but it simply means that there is no guaranty or warranty of title because the purchaser takes and can only take whatever title the debtor has. Therefore in the absence of fraud the law will not ordinarily relieve a purchaser from a defective title and a partial failure of consideration, as for instance an outstanding incumbrance or a lien for taxes. *Ritter* v. *Henshaw*, 7 Iowa, 97; *Parker* v. *Rodman*, 84 Ind. 256. But the doctrine is not carried to the extent that in case of absolute failure of title the purchaser is without remedy. Even the states which deny a right of action against the creditor, grant it against the judgment debtor. *McGhee* v. *Ellis*, 4 Litt (Ky.) 244; *Price* v. *Boyd*, 1 Dana (Ky.) 434; *Geoghegan* v. *Ditto*, 59 Ky. 433; *Julian* v. *Beal*, 26 Ind. 220; *Westfield* v. *Williams*, 59 Ind. 221; *Coan* v. *Grimes*, 63 Ind. 21.

The principle of equitable recovery against one party is stated in *Julian* v. *Beale*, supra, as follows: "When the judgment defendant has no title whatever in the lands sold at sheriff's sale, there is no consideration for the promise of the purchaser to pay the purchase money and when a bid is made under a mistake of fact in this respect, the bidder is not bound to complete his purchase; but if he should pay the purchase money he may recover it back from the judgment defendant whose debt was thereby paid." We fail to see why the same payment under the same mistake of fact does not apply with equal force to the judgment creditor. The debtor has been entirely passive in the whole proceeding while the creditor has set in motion the legal machinery whereby the sale of a stranger's property has been illegally made and now seeks inequitably to retain the benefit therefrom. The fallacy of the doctrine lies perhaps in holding that the judgment against the debtor has been paid and that therefore the purchaser has expended money for his benefit,

while to compel the creditor to refund would deprive him both of the money and the judgment. It is true that nominal payment has been made but not real payment. The judgment has not been satisfied but may be revived and an alias execution issued on scire facias for the full amount when all the facts are disclosed.

The leading case in Illinois, *England* v. *Clark*, 5 Ill. 487, in denying the purchaser recovery against the judgment creditor though practically conceding it might exist against the debtor, laid emphasis upon the want of privity of contract between the purchaser and the creditor and no implied contract on the part of the latter.

The answer to this proposition is that there need be no privity of contract between the parties in order to support an action for money had and received except that which results from one man's having another's money which he has not a right conscientiously to retain. The law then creates both the privity and the contract, *Hall* v. *Marston*, 17 Mass. 575; *Keene* v. *Sage*, 75 Maine, 138.

While the precise question involved here has not before been squarely presented to the court in this State for determination, it has arisen incidentally on two occasions and the language of the court in those cases is in harmony with the conclusion here reached.

*Pillsbury* v. *Smyth*, 25 Maine, 427, revived a judgment and ordered the issuing of an alias execution, when in the sheriff's sale of real estate no title passed. In the course of the opinion the court say: "If a purchaser, not the debtor, but a stranger, of property sold in the ordinary mode upon execution, obtained nothing under the sale, for want of title in the debtor, payment in such case would, like other payments made in mistake, be without consideration, and could be recovered back; it would be gross injustice for a creditor and officer to expose for sale, goods which they had obtained by a trespass, and after sale and receipt of the purchase money throw upon the purchaser, the loss occasioned by recovery by the owner of his rights, in taking the property or compelling the buyer to pay its value."

In *County of Piscataquis* v. *Kingsbury*, 75 Maine, 326, an execution against the defendant town was returned by the officer as satisfied by the sale of real estate of non-residents. This was

declared void and the county, having repaid the money to the purchaser, brought an action of debt against the town to get the judgment renewed. The action was sustained and the court say: "It is contended, by the defendants, that no action lies; that, as to the purchaser, the rule of caveat emptor applies; that the purchaser has no right of action against the creditor for the price paid; and that the creditor cannot revive a right of action by a voluntary repayment to the purchaser.

"We cannot concede this position to the defendants. We think it was a case of money paid by common mistake and without consideration, and recoverable back. It may be assumed, perhaps, that the parties did not know that the land sold did not belong to residents, inasmuch as the land was advertised for sale as belonging to owners unknown. . . . A mistake of title may be a mistake of fact." See also *Magwire* v. *Marks*, 28 Mo. 193; *Richardson* v. *McDougall*, 18 Wend. 80; *Bartholemew* v. *Warner*, 32 Conn. 98.

It is therefore the opinion of the court that this action is maintainable under the facts of this case and that the ruling of the presiding Judge in directing a verdict for the plaintiff was without error.

*Exceptions overruled.*