[Civil No. 2080. Filed November 21, 1923.]

[220 Pac. 391.]

SOL BARTH, Appellant, v. A. & B. SCHUSTER COMPANY, a Corporation, and JACOB HAMBLIN, Appellees.

1. APPEAL AND ERROR—COMPLAINT AS TO JUDGMENT IN APPELLEE'S BRIEF NOT CONSIDERED WHERE APPELLEE DID NOT APPEAL OR FILE CROSS-ASSIGNMENTS.—Argument in appellee's brief, complaining of the judgment in a certain particular, will not be considered on appeal, where appellee did not appeal or file cross-assignments.

2. EXECUTION — PURCHASER WHO KNEW PROPERTY WAS HOMESTEAD COULD NOT RECOVER PRICE FROM JUDGMENT CREDITOR.—Purchaser

---

2. Liability of execution creditor for return of purchase price upon failure of title to property sold on execution, see note in 36 L. R. A. (N. S.) 1218.

See 3 C. J., p. 1404; 4 C. J., p. 694; 15 C. J., p. 27; 23 C. J., pp. 759, 780.

at sale under special execution, with knowledge that the property was the homestead of the judgment debtor and exempt from forced sale, could not, on failure of title, recover the purchase price from the judgment creditor to whom it was paid by the officer who conducted the sale.

3. EXECUTION — PURCHASER AT EXECUTION SALE, AFTER FILING OF DECLARATION, CHARGED WITH NOTICE AS TO CHARACTER OF LAND. Purchaser of homestead, after filing of homestead declaration, is charged with knowledge of the homestead character of the land.

4. COSTS — PLAINTIFF WHO OBTAINED JUDGMENT FOR LESS THAN AMOUNT DEMANDED ENTITLED TO COSTS.—A plaintiff who obtained judgment was entitled to costs, under Civil Code of 1913, paragraph 628, though the judgment was for much less than the amount sued for.

APPEAL from a judgment of the Superior Court of the County of Apache. A. S. Gibbon, Judge. Affirmed.

Mr. George H. Crosby, Jr., for Appellant.

Mr. Gilbert E. Greer, for Appellee.

ROSS, J.—Action for money had and received. The facts out of which this action arose are agreed to by the parties, and, essentially, are as follows: Appellee, A. & B.. Schuster Company, a corporation, carrying on a general merchandise business, some time after September 25, 1918, brought suit against Manuel Gonzales and wife on a past-due promissory note for $455.50, and attached certain real property as security to pay any judgment that might be obtained. In due time judgment was entered against the Gonzales, and the attachment lien foreclosed. Defendant Jacob Hamblin, who was the sheriff of Apache County at the time, and into whose hands the special execution was placed for enforcement, duly noticed the property for sale. Pending the advertisement, and two days before the time fixed for sale, Gonzales made a legal and proper claim of homestead on said land, and recorded same in the

Apache county records. The appellant, Barth, before the sale told the sheriff he would buy in the property if it were sold after declaration of homestead, and asked the sheriff to have execution creditors give him indemnity bond, so that, if he, Barth, sued the sheriff, the latter would be indemnified. Accordingly, the sheriff did take from appellee an indemnity bond, and proceeded to sell said land in the manner provided by law, the said Barth buying it in for $600, to whom the sheriff issued a certificate of sale. The Gonzales brought suit against appellant, Barth, to quiet title, and on September 11, 1920, judgment was entered in their favor.

Barth later brought this suit against the A. B. Schuster Company and Jacob Hamblin as sheriff to recover said $600. In the course of the trial the case was dismissed as to the sheriff, but whether at the instance of plaintiff, or defendant, or the court, the statement of facts does not show; nor can we tell from the statement what the appeal is from, as it simply states that notice of appeal was given. But we will give the benefit of any doubt to the plaintiff, and assume such notice was from the final judgment and not from the order of dismissal. The court gave judgment to Barth for $20.50, being a balance of the $600 purchase price left after paying to Schuster Company the amount of the judgment, interest and costs. We are not interested as to whether this judgment in favor of plaintiff for $20.50 was error, since the defendant did not appeal or file any cross-assignments, although he does notice it in his brief, and argues therein it was erroneous.

The appellant's case (and it is the only one that raises any question proper for our decision) is this: Can a purchaser of property at an execution sale, which is known by him at the time to be the debtor's homestead and exempt from forced sale, upon a failure of his title, recover the amount of the purchase

price from the judgment creditor to whom it has been paid by the officer conducting the sale? This question, following the universal rule and the one laid down by this court in *Copper Belle Mining Co.* v. *Gleeson,* 14 Ariz. 548, 48 L. R. A. (N. S.), 481, 134 Pac. 285, must be answered in the negative. That was a case wherein the Copper Belle Company brought suit to recover from Gleeson $3,240 redemption money paid to him by the company shortly before he was entitled to his deed, as a purchaser at an execution sale, of some unpatented mining claims. At the time such mining claims had been relocated, and the relocator's title later in a lawsuit was held good. The contention of the Copper Belle Company was that title to mining claims having been forfeited by the judgment debtor, there was nothing to redeem, and that Gleeson, knowing this at the time he accepted the redemption money, ought in good conscience to refund. But, it appearing that the Copper Belle Company was also informed that the mining claims had been "jumped," and notwithstanding had paid redemption money in the belief that such relocation would not be sustained, this court denied the right to recover. Speaking through Mr. Chief Justice FRANKLIN, the court said:

"The appellant having full knowledge of the facts concerning the Fitzmaurice location, the belief proceeded from a consideration of the facts that in the light of the facts, as a matter of law, in its judgment the relocation of the property by Fitzmaurice was void. But this was the very hazard that appellant took when, with its eyes wide open, so to speak, to a contest over the Fitzmaurice relocation, it paid the redemption money. Under the circumstances of this case such an error of judgment may not be relieved against upon any equitable principle of which we are aware."

How can the conduct of appellant Barth be differentiated from that of the Copper Belle Company?

Both bought with their eyes open; both were familiar with all the facts and accepted the hazard. In the present case the appellant apparently indulged the erroneous idea that by procuring the sheriff to secure indemnity before making the sale, he, too, would have recourse against the idemnity or the sheriff, and that he was only paying his money into one end of the horn to have it poured back into his hands from the other end.

It is not questioned that the claim of the Schuster Company against Gonzales was a just one, and that the company was entitled to every cent it received. It was collecting what was due it; it was guilty of no wrong, or oppression, or impropriety in attaching the Gonzales property, or in foreclosing its attachment lien, or in placing execution in the sheriff's hands for enforcement, or directing the sheriff to advertise for sale, for up to this time no homestead had been declared; and while a sale after the filing of the homestead declaration, unless made in conformity with paragraph 3295 of the Civil Code providing for the appointment of appraisers, etc., may be ineffectual to pass title to the purchaser, we think the purchaser is charged with the knowledge of that fact as well as anyone else, and that he buys at his own risk.

If the appellee should be required to pay back to appellant what it received, it would find itself in this predicament: Its judgment against the Gonzales satisfied of record and nothing to show for it. Between the maneuvering of the purchaser and the debtor, with the sanction of the courts, the creditor might thus be deprived of both his judgment and the fruits thereof.

This is not a case in which any advantage of the purchaser was taken. The execution creditor had not made any representations to him; had held out no inducements to him to purchase; he knew everything. No fact was kept from him either by the sheriff or

the Schuster Company. Now he is asking the courts to order returned to him that with which he parted in exchange for a title that failed because of facts of which he had full and complete knowledge when he bought. We know of no°principle of. law or equity that will come to his rescue.

That the debtor was not the owner of the property sold does not entitle the purchaser to recover the purchase price from the execution creditor is the holding of practically all courts of the land. See note to *Dresser* v. *Kronberg,* Ann. Cas. 1913B, 542 (108 Me. 423, 36 L. R. A. (N. S.) 1218, 81 Atl. 487), which is one of the few cases holding to the contrary. Where the purchaser fails to get a title because the property is the homestead of the debtor and exempt from forced sale, it would seem the same rule should apply. But we apprehend that even the court that adopted the rule of permitting the recovery when the debtor had no title to the property sold (*Dresser* v. *Kronberg, supra*) would not sustain the action when the undisputed evidence was that the purchaser knew all the facts before he purchased. In such case the rule should be no different when the proceeding is under a special execution than when under an open execution.

What we said in another case concerning a litigant, who acted more precipitatedly than wisely, we repeat here:

"We have always understood the law to be that persons under no legal disability, as a general rule, have power to do as they wish with their own. They may enter into contracts; they may give away their substance; they may spend it for mere baubles; they may exchange it for high and riotous living; it may go to satisfy vanity or pride or ambition; and the courts are helpless to say nay or to control their freedom of action in those respects. Courts are not instituted to control and supervise the private dealings of persons *compos mentis* who are upon an equal

footing and labor under no restraint of person, property, or mind, such as fraud, duress, coercion or extortion. Freedom of contract and freedom in the use and disposition of one's own are no less sacred than freedom of speech.", *Merrill* v. *Gordon,* 15 Ariz. 521, 140 Pac. 496.

The court should have given appellant judgment for all of the costs, he having been successful in obtaining the judgment, even though it was for much less than sued for. Paragraph 628, Civ. Code 1913. With this modification the judgment is affirmed, the costs of this appeal being taxed to the appellant.

McALISTER, C. J., and LYMAN J., concur.