586 P.2d 999

**ALTFILLISCH CONSTRUCTION CO., a California Corporation, and R. R. Hensler, Inc., a California Corporation, Appellants/Cross-Appellees,**

v.

**TORGERSON CONSTRUCTION CORPORATION, a Washington Corporation, Appellee/Cross-Appellant.**

**No. 2 CA–CIV 2881.**

Court of Appeals of Arizona, Division 2.

Oct. 24, 1978.

Law Offices of Albert D. Noe, P.C. by Albert D. Noe, Tucson, for appellants/cross-appellees.

Alpert & Fein by Donn S. Alpert, Tucson, for appellee/cross-appellant.

## OPINION

HATHAWAY, Judge.

Appellee (hereinafter buyer) brought a breach of contract action against appellants (hereinafter seller). Seller counterclaimed for damages for buyer's alleged breach of contract. The judgment entitles buyer to specifically enforce the contract without further payment to seller and to recover attorney's fees from seller under A.R.S. Sec. 12–341.01. It recites that any amount buyer may owe seller under the contract is offset by the damages resulting from seller's breach. Seller's motion for a new trial was denied and this appeal was taken.

The relevant facts are as follows. Buyer purchased 16 large conveyors at an auction sale authorized by seller. Buyer paid in full the purchase price of $110,400. The parties concede that the contract of sale required buyer to remove the conveyors from the auction site within 30 days and to pay seller reasonable loading costs in addition to the purchase price. The contract is silent and no announcement was made at the auction regarding storage costs should buyer fail to remove the conveyors on time.

Approximately three days before the 30-day period expired, seller notified buyer that seller would charge a storage fee of $25 per conveyor for each day after the 30-day period that a conveyor remained on the auction site. Seller arbitrarily chose this amount. Although under a joint venture contract between seller and the owner of the auction site, the owner retained funds otherwise due seller until all equipment was removed from the site, buyer had no notice of this at the time it entered into the purchase contract.

Buyer failed to timely remove any of the conveyors. Thereafter, whenever buyer removed a conveyor, seller gave it an invoice itemizing both loading and storage costs. Buyer avoided paying the storage charge by telling seller that it had insufficient cash on hand to pay seller.

On the ninth day after expiration of the 30-day period, buyer attempted to remove the remaining conveyors. Buyer tendered a check for $600, which buyer claims was for payment of loading costs only. Cumulative loading fees to date totaled $570. Seller refused the check because it was insufficient to cover both loading and storage costs to date and prevented buyer from removing two conveyors until buyer paid in full both loading and storage costs.

The two conveyors are valued at approximately $25,000. Seller demanded approxi-

mately $2,500 on the day it refused to deliver the two conveyors. Testimony at trial was that a reasonable loading fee for all 16 conveyors would be approximately $815, and that a reasonable storage fee would be $100–200 per month.

We address the following issues: (1) Whether seller was entitled to withhold delivery of the conveyors; (2) whether buyer was entitled to recover possession of the conveyors, to recover attorney's fees and to recover damages; and (3) whether seller was entitled to loading and storage fees, and if so, in what amount.

■ The contract required buyer to remove the conveyors within 30 days, and buyer failed to remove them. Buyer breached the contract, and seller is entitled to appropriate remedies. A.R.S. Sec. 44–2382(1), however, does not apply. A.R.S. Sec. 44–2382 permits an aggrieved seller to withhold delivery of goods "[W]here the buyer *wrongfully* . . . fails to make a payment due on or before delivery." (Emphasis added) Buyer paid the purchase price in full and tendered payment for all loading costs to date. Buyer's failure to pay the storage costs was not wrongful because the seller demanded unreasonable storage costs. Seller, therefore, wrongfully withheld delivery of the conveyors and the judgment properly required seller to deliver the conveyors to buyer.

■ The award of $1,500 as attorney's fees to buyer was proper. Under A.R.S. Sec. 12–341.01 the trial court may award reasonable attorney's fees "in any contested action arising out of a contract . . . (to) the successful party." *Circle K Corporation v. Rosenthal*, 118 Ariz. 63, 574 P.2d 856 (App.1977). The award was within the sound discretion of the trial court and we find no abuse.

■ Seller argues that *Trollope v. Koerner*, 21 Ariz.App. 43, 515 P.2d 340 (1973), requires the successful party to win a net monetary judgment. A successful party does not necessarily win a monetary judgment. *National Mutual Insurance Co. v. Granillo*, 117 Ariz. 389, 573 P.2d 80 (App. 1977). Neither party in *Trollope* sought

possession of property. The party prevailing on a claim for possession of property is a "successful party" within the meaning of A.R.S. Sec. 12–341.01.

■ Buyer is also entitled to recover for consequential, certain and unavoidable damages caused by seller's breach. *McFadden v. Shanley*, 16 Ariz. 91, 141 P. 732 (1914); 5 Corbin on Contracts, Sec. 992 (1974). There was no showing, however, that buyer was damaged. According to buyer, it intended to leave the conveyors on the auction site until it resold them and it had sold five conveyors to date. Seller's breach did not prevent buyer from using or reselling the conveyors. The trial court incorrectly offset the amount buyer owed under the contract against buyer's damages. This part of the judgment is reversed.

■ Seller is entitled to recover for consequential, certain and unavoidable damages caused by buyer's breach. *McFadden*, supra; Corbin, supra. Buyer damaged seller by failing to remove the conveyors on time. But the appropriate measure is a commercially reasonable storage fee, not the amount seller demanded. Cf., A.R.S. Sec. 44–2389. It was not within the contemplation of the buyer at the time of contracting that seller would be damaged by failure to vacate the auction site. *Hadley v. Baxendale*, 9 Ex. 341 (1854); *Valley National Bank v. Brown*, 110 Ariz. 260, 517 P.2d 1256 (1974).

Seller is entitled to reasonable loading fees and reasonable storage costs. The trial court failed to make a finding of fact as to either cost. It must determine and award seller the amount of a reasonable loading and storage fee.

We affirm that portion of the judgment entitling buyer to recover possession of the conveyors, and awarding buyer $1,500 for attorney's fees. We remand for a determination of reasonable loading and storage fees.

RICHMOND, C. J., and HOWARD, J., concur.