600 P.2d 1102

**OCEAN WEST CONTRACTORS, INC., an Idaho Corporation; Industrial Indemnity Company, a corporation, Appellants,**

v.

**HALEC CONSTRUCTION COMPANY, INC., an Arizona Corporation, Appellee.**

**No. 14164.**

Supreme Court of Arizona, In Division.

Sept. 24, 1979.

Treon, Warnicke, Dann & Roush, P.A., by Linda K. Scott, Douglas G. Martin Phoenix, for appellants.

Mangum, Wall, Stoops & Warden, by Robert W. Warden, Flagstaff, for appellee.

CAMERON, Chief Justice.

This is an appeal by Ocean West Contractors, Inc., from an award of attorney's fees to Halec Construction Company, Inc., in a suit for breach of contract. We have jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

We must decide the following questions on appeal:

1. Which of two conflicting contractual provisions regarding attorney's fees applies?

2. Was the trial court correct in finding that Halec was the prevailing party and therefore entitled to attorney's fees as the prevailing party?

The facts necessary for a disposition of this matter on appeal are as follows. On 7 April 1975, Ocean West entered into a contract for the construction of an elementary school in Williams, Arizona. On 23 April 1975, Ocean West and Halec entered into a subcontract whereby Halec would complete certain site excavation, grading, and fill

work for the sum of $46,000. The contract was supplemented by two addenda dated 29 April 1975 and 1 May 1975.

Halec commenced performance in early May 1975. Thereafter, a dispute arose as to whether Halec was performing in a timely manner. The parties then entered into a supplemental agreement, dated 6 June 1975, wherein it was agreed that there were no outstanding claims by either party at that date. The agreement specified what each party was to do in order to complete the contract.

Subsequent to October 1973, there was a disagreement as to the storage of certain materials (called ABC) used by Halec in performing its part of the contract. Halec then refused to transport the required materials to the building site unless the project superintendent would permit the material to be stored in one of the buildings. The project superintendent refused permission, and Halec thereafter refused to furnish any further labor or materials on the project. Ocean West then ceased making payments to Halec and completed the contract with some changes not specified in the contract between Ocean West and Halec.

At the time Halec ceased performing the contract, $28,700 had already been paid by Ocean West. Halec sued for the amount of $17,299.26 plus costs and attorney's fees. Ocean West counterclaimed for the amount of $42,000 plus costs and attorney's fees. The trial court, after setting off various back charges and credits, found for Halec in the amount of $8,090.25 plus attorney's fees in the amount of $3,500. The court in its findings of fact held:

"1. HALEC was not justified in refusing to deliver ABC to the building pad as directed by OCEAN WEST'S Project Superintendent since the supplemental agreement of June 6, 1975, only permitted such stockpile of ABC as might be directed by the Project Superintendent.

"2. When HALEC advised that it would not bring additional ABC unless allowed to stockpile the same, OCEAN WEST was thereupon justified in completing this phase of the job itself and backcharg-ing HALEC for the reasonable cost and expense thereof.

\*   \*   \*   \*   \*   \*

"4. All work actually performed by HALEC on the job site, was, in fact, in accordance with the plans· and specifications upon which it bid.

\*   \*   \*   \*   \*   \*

"9. That by reason of the fact that Plaintiff is the prevailing party as a matter of law, Plaintiff is entitled to recover its reasonable counsel fees pursuant to the agreement between the parties in the amount of $3,500.00."

Ocean West appeals the award of attorney's fees only.

## CONTRACTUAL PROVISION

The first question we must decide is which of two conflicting contractual provisions regarding attorney's fees applies. Paragraph 25 of the original contract contains the following provision:

"In the event of default on the part of the subcontractor under the terms of this agreement, the subcontractor shall pay all attorney's fees incurred by the contractor in the enforcement of the provisions of this agreement or the collection of damages for its breach."

Paragraph 3 of the first addendum provides for attorney's fees as follows:

"Paragraph 25 of the subcontract agreement is modified as follows:

"In the event either party of this Subcontract Agreement retains an attorney to enforce their [sic] rights hereunder, and is successful in any subsequent litigation in connection herewith, the unsuccessful party shall bear the successful party's reasonable attorneys' fees and court costs incurred in enforcing said agreement."

The trial court apparently relied on the addendum in determining which party was entitled to attorney's fees since it did not consider that Halec was the defaulting party but instead looked to which party was the "successful party." Ocean West argues that the court was in error and that the

addendum should be viewed as merely adding to the rights set out in the original contract rather than as superseding any portion of the original contract. Halec argues that the word "modifies" in the addendum means that the original contract is modified so that the paragraph on attorney's fees is superseded by the addendum rather than supplemented by it. We agree.

The original contract provision provided that the subcontractor should pay all attorney's fees in case of default regardless of who was the successful party. The addendum provides attorney's fees to the successful party regardless of which party is in default. In this the two provisions are in conflict. The addendum was clearly intended as an amendment to the original agreement. The addendum modified the original agreement by substituting the later attorney's fees provision for the original attorney's fees provision. Attorney's fees then may be awarded to the "successful party."

## WAS HALEC THE "SUCCESSFUL PARTY"?

In finding that Halec was "not justified" in failing to carry the grading material to the building site, the trial court in effect found that Halec first breached the contract. After finding this breach by Halec, the trial court proceeded to determine the rights of both parties under the contract. Both parties were held to have failed to sustain their burden of proof as to certain claims. Ocean West was awarded setoffs against the outstanding contractual balance for work it performed to complete the job. Halec was found entitled to an award of $8,090.25.

The party who is awarded a money judgment in a lawsuit is not always the successful or prevailing party. The award of money is, however, an important item to consider when deciding who, in fact, did prevail. The fact that a party did not recover the full measure of relief requested does not mean that he is not the successful party. *Buza v. Columbia Lumber Co.,* 395 P.2d 511 (Alaska 1964); *DeWitt v. Liberty Leasing Company of Alaska,* 499 P.2d 599

(Alaska 1972). Neither does the fact that the amount of the claim is set off or reduced by counterclaim mean that the plaintiff was not the successful party. *Dawson v. Shearer,* 53 Wash.2d 766, 337 P.2d 46 (Wash.1959); *Empire State Surety Co. v. Moran Bros. Co.,* 71 Wash. 171, 127 P. 1104 (Wash.1912).

Our Court of Appeals has stated:

"Thus the question becomes who was the 'successful party' at the trial level? The appellants recovered $791.75 on their complaint, only a small percentage of the $6000-plus prayed for, while the appellees recovered 100% of the $500 prayed for in their counterclaim. Judgment was entered in favor of the appellants in the amount of the difference, namely $291.75.

\* \* \* \* \* \*

"The general rule concerning the 'successful party' is found in 20 C.J.S. Costs § 12 (1940), which states that where a counterclaim or setoff has been allowed, in whole or in part, the party in whose favor final judgment is rendered will be entitled to recover his costs. Thus a party will be 'successful' if he obtains judgment for an amount in excess of the setoff or counterclaim allowed. (citations omitted) This question has never been presented before in Arizona, and we are of the opinion that the general rule enumerated above is the proper interpretation of 'successful party' in A.R.S. § 12–341. We hold that since the appellants' recovery of $791.75 exceeded that of appellees' compulsory counterclaim recovery of $500, the 'net judgment' being in appellants' favor for $291.75, the trial court erred by not awarding the 'successful' appellants their costs. \* \* \* " *Trollope v. Koerner,* 21 Ariz.App. 43, 47, 515 P.2d 340, 344 (1973).

These cases can be distinguished from the case of *Walls v. Russell,* 519 P.2d 936 (Okl. App.1974), reversed on other grounds 544 P.2d 510 (Okl.1975), cited by Ocean West. There the court stated:

"We hold under the circumstances of this case both parties prevailed as defendants and both failed to prevail as plaintiffs.

Technically, actually, and legally two separate actions were involved—two actions which were in effect consolidated for trial * * *. Each action should, therefore, have been dealt with individually with regard to awarding attorney fees." 519 P.2d at 938.

In the instant case we are not faced with two separate actions. There was one action on the contract and a counterclaim on the same contract. The court decided which party was damaged, the set-offs involved, and what was ultimately owed to which party. Looking at all of the findings of fact and conclusions of law, it is apparent that Halec was the successful party. The trial court was correct in awarding Halec attorney's fees.

Affirmed.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.