776 P.2d 807

**Esther AYALA and Charles R. Ayala, wife and husband, Plaintiffs–Appellees,**

v.

**Augustine M. OLAIZ, Defendant–Appellant.**

**No. 1 CA–CV 88–331.**

Court of Appeals of Arizona, Division 1, Department D.

July 6, 1989.

Skeens & Anderson by Ross Anderson, Sheila E. Harmer, Phoenix, for plaintiffs-appellees.

Fritz & Childers by Michael J. Childers, Jeffrey H. Wolf, Mesa, for defendant-appellant.

## OPINION

BARRY G. SILVERMAN, Superior Court Judge.

The issue in this appeal is whether a plaintiff in a comparative negligence personal injury case, involving no counter-claim, is the "successful party" entitled to recover 100% of her costs even though the jury determined that she was 65% at fault. We agree with the trial judge that plaintiff is the prevailing party in these circumstances and entitled to recover all of her taxable costs.

## FACTS

Esther and Charles Ayala (plaintiff) filed a complaint against Augustine Marcos Olaiz (defendant) seeking damages in excess of $50,000 for injuries Esther sustained in a motor vehicle accident. After a four-day trial, the jury returned a verdict in favor of the plaintiff and found the full damages to be $28,572. Under Arizona's comparative negligence scheme, the jury determined the relative degrees of fault of the parties. *See* A.R.S. §§ 12–2505 and –2506. The jury found that the plaintiff had been 65% at fault and that the defendant had been only 35% at fault. Applying the provisions of A.R.S. § 12–2505, the trial court entered judgment against the defendant for $10,000.20, 35% of the damages sustained by the plaintiff.

Both sides claimed to be the successful party and sought an award of costs. Alternatively, defendant requested an apportionment of the costs based on the relative degrees of fault found by the jury. The trial court determined that plaintiff was the prevailing party, awarded her all of her costs in the sum of $1,430.76 and denied costs to defendant. Assessment of costs is the only issue on appeal.

## DISCUSSION

A.R.S. § 12–341 controls the awarding of costs in civil suits and provides that "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." Defendant acknowledges that the granting of costs pursuant to A.R.S. § 12–341 is mandatory and not discretionary. *See, e.g., Ellis v. Neurological Associates of Tucson, P.C.*, 118 Ariz. 18, 574 P.2d 486 (App.1977).

The defendant contends that where comparative negligence is applied and a plaintiff is found to be more than 50% liable for her injuries, the defendant is the successful party and is entitled to recover costs. Alternatively, he argues that Arizona's comparative negligence statutes require that both parties' costs be apportioned according to their pro rata degree of fault. De-

fendant argues that it is unfair for the plaintiff to recover all her costs when she recovered only a fraction of her claimed damages.

### A. General Rule

■ The general rule is that a party who recovers judgment for only a part of a demand or claim is entitled to all taxable costs in the absence of a statute providing for apportionment or some other rule. The general rule is stated in 20 C.J.S. *Costs* § 11 (1940):

> In the absence of statute authorizing the apportionment of costs, if plaintiff recovers judgment, although for only a part of the relief demanded, he is, generally, entitled to costs, without reduction or apportionment, as in such cases he is regarded as the prevailing party.... Under this rule, plaintiff is entitled to costs although he recovers judgment for less than the amount sued for....

(Footnotes omitted.) Our supreme court has stated:

> The party who is awarded a money judgment in a lawsuit is not always the successful or prevailing party. The award of money is, however, an important item to consider when deciding who, in fact, did prevail. The fact that a party did not recover the full measure of relief requested does not mean that he is not the successful party.

*Ocean West Contractors, Inc. v. Halec Construction Co.*, 123 Ariz. 470, 473, 600 P.2d 1102, 1105 (1979) (citing *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964)).

In *Barth v. A. & B. Schuster Co.*, 25 Ariz. 546, 552, 220 P. 391, 393 (1923), the Arizona Supreme Court recognized that a party is entitled to an award of all taxable costs even though the judgment is in an amount much less than the demand of the complaint. In *Barth*, the court awarded full costs to a plaintiff who sued for $600 but recovered damages of only $20.50.

■ In cases involving various competing claims, counterclaims and setoffs all tried together, the successful party is the net winner. For example, in *Trollope v.*

*Koerner*, 21 Ariz.App. 43, 47, 515 P.2d 340, 344 (1973), appellants sued for $6000 but recovered only $791.75. On their counterclaim, appellees recovered 100% of the $500 for which they sued. However, by virtue of receiving a net judgment in their favor, appellants were the successful party entitled to all of their costs. For a similar application of the net judgment rule, *see Ocean West Contractors*, 123 Ariz. at 473, 600 P.2d at 1105.

■ In the case at bar, plaintiff received judgment in her favor on the one and only claim in issue. True, it was for less than she sought, but it was plaintiff—not defendant—who left the courtroom with a favorable judgment. Under the general rule, plaintiff is the successful party and thus entitled to all her costs.

### B. Comparative Negligence

Do the comparative negligence statutes require a different result? A.R.S. § 12-2505 provides for an apportionment of *damages* based on the degree of fault of the parties where the jury finds the defense of contributory negligence or assumption of risk to be applicable. A.R.S. § 12-2506 provides for a similar apportionment which takes into account the fault of all persons who contributed to the injury. Whether *costs* are a species of damages subject to apportionment under these statutes is a question of legislative intent.

■ We do not believe the legislature contemplated that taxable court costs would be considered "damages" under A.R.S. § 12-2506. "Damages" in that context means the amount awarded by the trier-of-fact for the injury sustained. Court costs are not among the damages determined by the trier-of-fact. They are, instead, covered by A.R.S. § 12-341. Costs are taxed by the court in favor of the successful party after an award of damages has been made. Since A.R.S. § 12-341 does not provide for apportionment of costs, we presume the legislature was aware of A.R.S. § 12-341 when it enacted comparative negligence and would have amended that statute had it wanted

to. *Arizona State Bd. of Directors v. Phoenix Union H.S. Dist.*, 102 Ariz. 69, 72, 424 P.2d 819, 822 (1967). We find no reason to conclude that the legislature intended to change the rule.

■ Defendant suggests that it is unfair to allow the plaintiff all her costs when she was successful in recovering only 35% of her damages. Rule 68 of the Arizona Rules of Civil Procedure provides a method by which a defendant can avoid liability for most taxable costs by making an early, realistic offer of judgment. A plaintiff who rejects the offer and fails to recover a judgment more favorable than the offer is assessed all costs incurred after the date of the offer. Defendants fail to use this rule at their peril.

Defendant also argues that prior to Arizona's adoption of comparative negligence, even the slightest degree of a plaintiff's contributory negligence could have operated as an absolute bar to plaintiff's recovery. *E.g., Cheney v. Superior Court*, 144 Ariz. 446, 698 P.2d 691 (1985). Defendant reasons that under the former system, the jury would have awarded plaintiff nothing since it found her predominantly negligent. This nostalgic speculation about what a jury might have done under the former law sheds no light on the matter.

Finally, we note that defendant has cited language from various Arizona cases in support of the proposition that to determine the successful party, the trial court should have considered other factors besides the winning of a money judgment. *E.g., Ocean West Contractors*, 123 Ariz. 470, 600 P.2d 1102; *Altfillisch Constr. Co. v. Torgerson Constr. Corp.*, 120 Ariz. 438, 586 P.2d 999 (App.1978). Defendant also cites language from Arizona decisions indicating that this court might approve of apportionment of costs. *E.g., Watson Constr. Co. v. Amfac*, 124 Ariz. 570, 606 P.2d 421 (App.1979); *Nataros v. Fine Arts Gallery of Scottsdale*, 126 Ariz. 44, 612 P.2d 500 (App.1980).

None of these cases is like the one before us—a single issue lawsuit in which only monetary relief is requested. The cases cited by defendant are all multi-party, mul-ti-claim litigation involving counterclaims. Some of these cases involve both monetary and non-monetary relief. Different rules apply in such cases to determine the identity of the "successful party." None of these cases, however, disaffirms the general rule that a party receiving some, albeit less than all, of the relief requested in a one-claim suit for monetary damages is the successful party, and as a matter of law, is entitled to all allowable costs under A.R.S. § 12–341.

## ATTORNEY'S FEES REQUEST

■ Plaintiff asks this court to find that defendant's appeal is frivolous and to award her attorney's fees pursuant to A.R.S. § 12–349(A)(1) and (3). It is not the policy of the law to discourage appellate review of debatable issues. *Price v. Price*, 134 Ariz. 112, 654 P.2d 46 (App.1982). This appeal, though unsuccessful, was not frivolous.

## CONCLUSION

The trial court properly concluded that the plaintiff was the successful party and thus entitled to all her court costs. The trial court's ruling is affirmed.

GERBER, P.J., and GRANT, J., concur.

Note: The Honorable BARRY G. SILVERMAN, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.