923 P.2d 841

Richard **HALES,** surviving spouse of **B'Anne Hales,** deceased, for and on behalf of himself and on behalf of Matti Melissa Pavelin, sole surviving daughter, **Plaintiff/Appellee,**

v.

**HUMANA OF ARIZONA, INC.,** an Arizona corporation, dba Humana Hospital–Phoenix, **Defendant/Appellant.**

No. 2 CA–CV 95–0282.

Court of Appeals of Arizona, Division 2, Department A.

Jan. 25, 1996.

Review Denied Sept. 17, 1996.

Harris & Palumbo, P.C. by Kevin W. Keenan, Phoenix, and Ellis, Baker & Porter, Ltd. by Robert S. Porter, Phoenix, for Plaintiff/Appellee.

Teilborg, Sanders & Parks, P.C. by Frank A. Parks, Bruce C. Smith and Kari B. Bishop, Phoenix, for Defendant/Appellant.

## OPINION

PELANDER, Judge.

In this wrongful death/medical malpractice action, defendant/appellant Humana Hospital

appeals from a judgment awarding full taxable costs to plaintiff/appellee Richard Hales, decedent's surviving spouse, on behalf of himself and decedent's surviving daughter Matti Pavelin. Humana also appeals from the trial court's post-trial order holding Humana jointly and severally liable for those costs and rejecting Humana's claim for sanctions against Pavelin under Rule 68, Ariz. R.Civ.P., 16 A.R.S. We affirm.

More than thirty days before trial, Humana served Pavelin under Rule 68(a) [1] with an offer of judgment,[2] which stated as follows:

> Pursuant to Rule 68, Arizona Rules of Civil Procedure, Defendant Humana of Arizona, Inc. d.b.a. Humana Hospital–Phoenix, hereby offers to allow judgment to be taken against it by the Plaintiff in the sum of Fifty Thousand and no/100 Dollars ($50,000.00), said sum is to include all taxable costs. If Defendant's offer of judgment is not accepted within 30 days of service hereof, it shall be deemed to be withdrawn.

Pavelin did not accept the offer.

After a lengthy trial, the jury returned a verdict in favor of Hales and Pavelin and against defendants, Humana and Dr. Whitney White, M.D. (who did not appeal), awarding damages of $185,712.69 to Hales and $129,750.00 to Pavelin and apportioning 65% of the fault to White and 35% to Humana. Accordingly, Humana's proportionate share of Pavelin's damage award was $45,412.50. The trial court denied Humana's request for sanctions against Pavelin under Rule 68(d) and instead held Humana and White jointly and severally liable for the full taxable costs awarded Hales and Pavelin. This appeal followed.

Humana first contends that because Pavelin's net damage award ($45,412.50) against Humana was less favorable than Humana's offer ($50,000.00), the trial court violated Rule 68(d) by not awarding Humana its expert witness fees and double its taxable costs incurred after its offer was made. We disagree. We first note that Humana's offer did not comply with Rule 68(a)'s express requirement that an offer of judgment be made in a specific amount "plus costs then accrued." Contrary to Humana's contention, its offer of judgment was *not* for $50,000.00 plus the offeree's taxable costs then accrued. *Compare Fleitz v. Van Westrienen,* 114 Ariz. 246, 251–52, 560 P.2d 430, 435–36 (App.1977). Rather, the offer specifically stated that the $50,000.00 included all taxable costs. We agree with Pavelin's contention that, because of the wording Humana used, "Pavelin's costs as of the time of the offer of judgment must be subtracted from the offer of judgment in order to make the comparison necessary for Rule 68 purposes."

We reject Humana's assertion that the proper comparison under Rule 68(d) should be a comparison of Pavelin's judgment of $45,412.50, Humana's share of the awarded damages, to Humana's $50,000.00 offer and that Rule 68(d) mandates excluding Pavelin's costs from the calculation. Rule 68(d) supports the trial court's ruling rather than Humana's position. That rule provides in part as follows:

> If the offer made included amounts for costs or attorneys' fees, an award of sanctions under this Rule shall only be made if the judgment finally obtained, exclusive of any attorneys' fees or costs awarded and included therein, is equal to, or more favorable to the offeror than, that

1. Rule 68(a) provides: "At any time more than 30 days before the trial begins, any party may serve upon the adverse party an offer to allow judgment to be entered in the action in accordance with the terms and conditions specified in the offer, plus costs then accrued."

2. The offer was dated January 28, 1994. Because it was mailed to Pavelin's counsel, she contends that the offer took effect five calendar days after its mailing, Ariz.R.Civ.P. 6(e), 16 A.R.S., and thus, "the making of the offer" for purposes of Rule 68(d) occurred on February 2, 1994, rather than on January 28, 1994. Pavelin further contends that Humana's service of the offer was invalid because she was merely a beneficiary under A.R.S. § 12–612 and service could only be made on Hales, the sole statutory plaintiff. We do not address those issues because they are unnecessary to our resolution of the appeal. For purposes of this decision, however, we assume, but do not decide, that service of the offer on Pavelin's counsel was valid and effective.

portion of the offer stating the award to be made on the causes of action asserted. Rule 68(d)'s reference to an "offer made [which] included amounts for costs" implicitly means an offer made in compliance with the rule, that is, an offer of a specified amount "plus costs then accrued." Rule 68(a). Rule 68(d) requires an "apples to apples" comparison between the judgment and the offer, in that the judgment, excluding any fees or costs, is to be measured against the portion of the offer representing damages. Humana's position, in contrast, would permit an "apples to oranges" comparison. Neither the rule nor common sense supports such a result.

▮ Humana correctly notes that Rule 68 does not require an offeror to quantify a specific amount of taxable costs in an offer of judgment. *See Marek v. Chesny*, 473 U.S. 1, 6, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1, 7–8 (1985). When, however, the offeror fails to clearly indicate that the specified amount does not include taxable costs then accrued or, as here, expressly states that the specified amount includes within it an unspecified amount for costs, the offeror does so at its peril and cannot avoid the consequences. That is precisely what occurred here.

▮ As of January 28, 1994, the date on Humana's offer of judgment, Pavelin had incurred taxable costs totaling $12,917.50. Thus, Humana's offer was, in effect, in the amount of $37,082.50 for damages and $12,917.50 for costs, considerably less than Pavelin's $45,412.50 net damage award against Humana. The trial court did not err in interpreting or applying Rule 68, but rather correctly denied Humana's request for sanctions and properly awarded Pavelin her taxable costs incurred before and after Humana's offer was made.

We also reject Humana's second contention—that it should not be jointly and severally liable for all of Hales' and Pavelin's taxable costs, but rather should be liable only for its proportionate share (35%) of those costs in accordance with the jury's assessment of fault against it. In *Ayala v. Olaiz*, 161 Ariz. 129, 776 P.2d 807 (App.1989), Division One of this court held that a prevailing plaintiff against whom 65% of the fault had

been assessed was entitled to recover all her taxable costs from the defendant, against whom only 35% of the fault had been assessed. In so holding, the court reasoned as follows:

> A.R.S. § 12–2505 provides for an apportionment of *damages* based on the degree of fault of the parties where the jury finds the defense of contributory negligence or assumption of risk to be applicable. A.R.S. § 12–2506 provides for a similar apportionment which takes into account the fault of all persons who contributed to the injury. Whether *costs* are a species of damages subject to apportionment under these statutes is a question of legislative intent.
>
> We do not believe the legislature contemplated that taxable court costs would be considered "damages" under A.R.S. § 12–2506. "Damages" in that context means the amount awarded by the trier-of-fact for the injury sustained. Court costs are not among the damages determined by the trier-of-fact. They are, instead, covered by A.R.S. § 12–341. Costs are taxed by the court in favor of the successful party after an award of damages has been made. Since A.R.S. § 12–341 does not provide for apportionment of costs, we presume the legislature was aware of A.R.S. § 12–341 when it enacted comparative negligence and would have amended that statute had it wanted to. *Arizona State Bd. of Directors v. Phoenix Union H.S. Dist.*, 102 Ariz. 69, 72, 424 P.2d 819, 822 (1967). We find no reason to conclude that the legislature intended to change the rule.

*Ayala,* 161 Ariz. at 131–32, 776 P.2d at 809–10.

▮ That same reasoning applies here. Although this case, unlike *Ayala*, involves two at-fault defendants not subject to joint and several liability for damages, A.R.S. § 12–2506, that does not change the analysis or result. The statute allowing apportionment of degrees of fault between co-defendants and abolishing (with certain exceptions) joint and several liability, § 12–2506, like the comparative negligence statute, § 12–2505, refers only to "the liability of each

defendant for *damages.*" § 12–2506(A) (emphasis supplied). The statute does not refer to taxable costs or to § 12–341. As the court in *Ayala* stated, "[s]ince A.R.S. § 12–341 does not provide for apportionment of costs, we presume the legislature was aware of A.R.S. § 12–341 when it enacted [§ 12–2506] and would have amended that statute had it wanted to." 161 Ariz. at 131–32, 776 P.2d at 809–10. Absent any showing of a contrary legislative intent before or after *Ayala,* joint and several liability of two or more at-fault defendants for a successful claimant's taxable costs remains the law, and the trial court did not err in so ruling.[3] *See Welch v. McClure,* 123 Ariz. 161, 165, 598 P.2d 980, 984 (1979). Any change in the law in this area should be made by the legislature.

Affirmed.

LIVERMORE, P.J., and FERNANDEZ, J., concur.

---

**3.** This also disposes of Humana's contention that, for purposes of Rule 68(d) computations, only 35% of Pavelin's pre-offer costs should have been considered and allowed.