938 P.2d 91

Christina HENRY and Brad Bogust, Plaintiffs–Appellants,

v.

Joe COOK, Sheriff of Mohave County, personally, individually, and in his official capacity, and on behalf of his marital community; Jane Doe Cook, Wife of Joe Cook; W.T. "Terry" Flanagan, Deputy, Mohave County Sheriff's Department, personally, individually, and in his official capacity on behalf of his marital community; Jane Doe Flanagan, Wife of W.T. "Terry" Flanagan; Paul Adams, Deputy, Mohave County Sheriff's Department, personally individually, and in his official capacity, and on behalf of his marital community; Jane Doe Adams, Wife of Paul Adams; Mohave County, a body politic; Mohave County Sheriff's Department the law enforcement agency of Mohave County; Mohave Area General Narcotics Enforcement Team (Magnet), a law enforcement consortium of Mohave County; The State of Arizona, a body politic; Department of Public Safety, a law enforcement agency of the State of Arizona; Director, Department of Public Safety, in his official capacity; Dave Paul, an agent or employee of the Department of Public Safety, personally, individually and in his official capacity, and on behalf of his marital community; Jane Doe Paul, Wife of Dave Paul, Defendants–Appellees.

No. 1 CA–CV 95–0444.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 24, 1996.

Law Offices of David D. White, Phoenix by David White and Law Offices of Gerald A. Pollock, Phoenix by Gerald A. Pollock, for Plaintiffs–Appellants.

Jones, Skelton & Hochuli, Phoenix by Eileen J. Dennis and John T. Masterson, for Mohave County Defendant–Appellee.

Grant Woods, Phoenix, Attorney General by John E. Birkemeier, Assistant Attorney General, for State of Arizona Defendant–Appellee.

OPINION

LANKFORD, Judge.

The question presented by an application for costs is whether partially successful appellants are entitled to an award of costs on appeal.

In this case, the extent of appellants' success on appeal was as follows. Appellants, as plaintiffs, filed a complaint which asserted eight claims. Some—but not all—of these claims arose out of the same transaction or occurrence. The trial court dismissed all of the claims. On appeal, we reversed the dismissal of two of the claims and affirmed the remainder.

In sum, appellants clearly improved their position on appeal: They are now entitled to proceed on two claims. However, they failed to win reversal of the dismissal of the rest of their claims.

The principal issue is whether appellants are "successful parties" on appeal. Arizona Revised Statutes ("A.R.S.") Section 12–341 requires an award of costs to the "successful party."

Appellees contend that costs should not be awarded because appellants failed to obtain reversal on most of their claims. Alternatively, appellees say that costs should be apportioned between the appellants' successful and unsuccessful claims.

We first consider whether a partially successful appellant is a "successful party" eligible for an award of costs. Although a prior decision denied costs in a similar situation, the opinion neither offered reasons for that result nor discussed the controlling statute. In *Concannon v. Yewell,* 16 Ariz.App. 320, 493 P.2d 122 (1972), we ordered each party to bear its own attorneys' fees and costs in an appeal in which plaintiff prevailed on less than all of the arguments made. The cases cited in *Concannon* are equally lacking in analysis.

Moreover, *Concannon* conflicts with other Arizona cases. These cases have held that a plaintiff is entitled to recover costs incurred in the trial proceedings even when her recovery is less than that sought. *E.g., Barth v. A. & B. Schuster Co.,* 25 Ariz. 546, 220 P. 391 (1923). In *Drozda v. McComas,* 181 Ariz. 82, 887 P.2d 612 (App.1994), we held that plaintiff was entitled to recover costs incurred prior to an offer of judgment even though the judgment was less than the offer. In *Ayala v. Olaiz,* 161 Ariz. 129, 131, 776 P.2d 807, 809 (App.1989), we held that a plaintiff was a successful party even though the jury determined that she was 65 percent at fault. "The general rule is that a party who recovers judgment for only a part of a demand or claim is entitled to all taxable costs in the absence of a statute or rule providing for apportionment or some other rule." *Id.* "The fact that a party did not recover the full measure of relief requested does not mean that he is not the successful party." *Id.* (quoting *Ocean West Contractors, Inc. v. Halec Construction Co.,* 123 Ariz. 470, 473, 600 P.2d 1102, 1105 (1979)).

We hold that a party who succeeds on less than all claims is sufficiently successful to recover costs under the statute. We recognize that the problem differs in multiparty litigation and in cases involving counterclaims. *See, e.g., Trollope v. Koerner,* 21 Ariz.App. 43, 515 P.2d 340 (1973) (successful party is the net winner in cases involving claims and setoffs or counterclaims); *Pioneer Roofing Co. v. Mardian Constr. Co.,* 152 Ariz. 455, 467, 733 P.2d 652, 664 (App.1986) (trial court has discretion to determine successful party in multiparty case). Nor is this a case implicating A.R.S. section 12–342,

which applies when the appellant's position is worsened after appeal. We do not purport to alter the rule in those situations.

Finally, we recognize that plaintiffs have not yet prevailed on the merits of their claims. However, the settled rule is that " 'successful party' on appeal is not limited to those who have a favorable final judgment at the conclusion of the process. It may include those who achieve reversal of an unfavorable interim order if that order is central to the case and if the appeal process finally determines an issue of law sufficiently significant that the appeal may be considered as a separate unit." *Wagenseller v. Scottsdale Mem. Hosp.*, 147 Ariz. 370, 393–94, 710 P.2d 1025, 1048–49 (1985). Although *Wagenseller* applies an attorneys' fees statute, section 12–341.01, the desirable uniformity of interpretation of "successful party" as used in that statute and in the costs statute leads us to the same result here.[1]

We now consider the apportionment argument. Section 12–341 directs that "*all* costs expended or incurred" be awarded to the successful party. (Emphasis added). There are no cases which allow apportionment. The rule in awarding costs incurred in the trial court is that, in the absence of a statute or rule authorizing apportionment, the party who obtains partial success is entitled to recover all taxable costs. *Ayala*, 161 Ariz. at 132, 776 P.2d at 810. Costs on appeal are awarded by authority of the same statute as costs incurred in the trial court, and we see no reason to depart from the established application of the statute in trial court proceedings.

We recognize that attorneys' fees can be apportioned between successful and unsuccessful efforts. *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 189, 673 P.2d 927, 933 (App.1983); *see also Trus Joist Corp. v. Safeco Ins. Co.*, 153 Ariz. 95, 110, 735 P.2d 125, 140 (App.1986). However, this rule does not apply to costs. Attorneys' fees are commonly awarded under A.R.S. section 12–341.01(A), which allows the trial court to

determine a "reasonable" amount of fees. This calculation may consider the portion of fees that contributed to the prevailing party's success. Moreover, the fee award under section 12–341.01 is discretionary. In contrast, the recovery of costs is mandatory and includes all specified items. *Roddy v. County of Maricopa*, 184 Ariz. 625, 627, 911 P.2d 631, 633 (App.1996). The authority to apportion fees does not extend to costs.

For these reasons, we award costs to the appellants.

GERBER, P.J., and SULT, J., concur.

---

1. Relying on *Wagenseller, supra, Huey v. Honeywell,* 82 F.3d 327, 334 (9th Cir.1996), held that partial success warrants denial of both parties'

requests for attorneys' fees and costs. This is a misinterpretation of *Wagenseller* and of Arizona law.