NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IREP DEVELOPMENT, LLC,
an Arizona limited liability company
dba AZ Manufactured Homes Warehouse,
*Plaintiff/Appellee*,

v.

RANDOLPH K. FEUCHT,
*Defendant/Appellant*.

No. 1 CA-CV 21-0736
FILED 5-24-2022

---

Appeal from the Superior Court in La Paz County
No. S1500CV202100049
The Honorable Jessica L. Quickle, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

---

COUNSEL

Law Offices of Ronald W. Meyer, Phoenix
By Ronald W. Meyer
*Counsel for Plaintiff/Appellee*

Randolph K. Feucht, Prescott
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1        Randolph Feucht[1] ("Randolph") appeals the superior court's grant of summary judgment to IREP Development, LLC ("IREP") on its claim for unpaid storage fees related to a manufactured home. For the following reason, we affirm in part, vacate in part, and remand.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Randolph and Theresa Feucht ("the Feuchts") contracted to purchase a manufactured home from IREP in 2020. The contract provided that the Feuchts would be responsible for delivery and setup. Pioneer Title Agency ("Pioneer") handled escrow and the Feuchts deposited the purchase funds. The Feuchts and IREP also authorized Pioneer to process the title. At the close of escrow, Pioneer disbursed the purchase funds to IREP. Two months later, IREP sent notices to the Feuchts that demanded the removal of the home from the dealership and threatened to charge them storage fees.

¶3        IREP filed a complaint in 2021 to recover storage fees. The Feuchts' answer denied the existence of a valid contract, but pled no affirmative defenses. IREP moved for summary judgment. The Feuchts responded with a "Motion for Dismissal" in which they claimed, in part, that (1) the sales contract does not convey ownership, (2) Pioneer held title until delivery, and (3) the Feuchts are unable to accept the home because La Paz County did not issue a septic permit. The court held oral argument but the Feuchts did not attend. The court granted judgment to IREP for $18,200 in storage fees, $8,193.14 in attorney fees and costs, and authorized a sheriff's sale of the home. Randolph timely appealed and we have jurisdiction under A.R.S. § 12-2101.

---

[1]    Theresa Feucht did not sign the notice of appeal and thus is not a party to the appeal. *See Haberkorn v. Sears, Roebuck & Co.*, 5 Ariz. App. 397, 399 (1967) (holding that a non-lawyer may not represent his or her spouse in a court of law). The clerk's office is ordered to amend the caption.

## DISCUSSION

**¶4**        Randolph's brief is not a model of clarity.  As best we can discern, he challenges his ownership of the home and asserts he had no agreement for storage fees.  We consider any other arguments waived.  *See In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013).

**¶5**        "We review de novo the superior court's grant of summary judgment."  *Jackson v. Eagle KMC LLC*, 245 Ariz. 544, 545, ¶ 7 (2019).  We construe the facts in the light most favorable to Randolph as the non-moving party.  *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14 (App. 2012).  But because Randolph failed to respond to the motion, we presume the truth of "any uncontroverted evidence favorable to the movant, and from which only one inference can be drawn."  *Schwab v. Ames Constr.*, 207 Ariz. 56, 60, ¶ 16 (App. 2004).  When the moving party is a plaintiff claiming breach of contract, that plaintiff bears the burden to prove every element of the claim with "undisputed admissible evidence that would compel any reasonable juror to find in its favor."  *Wells Fargo*, 231 Ariz. at 213, ¶ 18 (citation omitted).  The plaintiff always bears the ultimate burden of persuasion, and "the mere absence of a genuine dispute of material fact does not automatically entitle a plaintiff to judgment."  *Id.* at 211, 213, ¶¶ 1, 16.

**¶6**        Randolph argues that title could not transfer until IREP "affixed" the home to the property, but cites no authority for that proposition.  Instead, the sales agreement states "Buyer to do own delivery & setup."  Nothing in the escrow instructions required the delivery of the home before the close of escrow.  And the general rule is that, unless the parties to a contract agree otherwise, "[t]he place for delivery of goods is the seller's place of business. . . ."  A.R.S. § 47-2308(1).  Therefore, Randolph's argument that the sale was not consummated until IREP delivered the home is not well taken.

**¶7**        Randolph also argues the parties' agreement did not provide for storage fees.  A seller is entitled to recover consequential, certain, and unavoidable damages caused by a buyer's breach.  *See* A.R.S. §§ 47-2703, -2706, -2710.  The Feuchts failed to remove the manufactured home from the sales lot after receiving notice.  Thus, IREP is entitled to storage fees.  But the appropriate remedy "is a commercially reasonable storage fee, not the amount [the] seller demanded."  *Altfillisch Constr. Co. v. Torgerson Constr. Corp.*, 120 Ariz. 438, 440 (App. 1978).  The evidence presented with IREP's summary judgment motion failed to establish that $18,200 is a commercially reasonable fee for 334 days of storage.  *See Wells Fargo*, 231 Ariz. at 213, ¶ 18.  Indeed, this amount exceeds the $50 per day demanded

in IREP's first notice to the Feuchts.  Accordingly, on remand, the superior court must determine the amount of a commercially reasonable storage fee. *See Altfillisch Constr.*, 120 Ariz. at 440.

## CONCLUSION

**¶8**        We affirm the court's grant of summary judgment on the breach-of-contract claim, vacate the amount awarded for storage fees, and remand for proceedings consistent with this decision.  IREP failed to cite any authority in support of its request for attorney fees. *See Roubos v. Miller*, 214 Ariz. 416, 420, ¶ 21 (2007) ("When a party requests fees, it . . . must state the statutory or contractual basis for the award.").  Assuming, without deciding, that this is an action arising out of contract, *see* A.R.S. § 12-341.01, we deny IREP's request for attorney fees as it is not the successful party on appeal.



AMY M. WOOD • Clerk of the Court
FILED:    AA